# FISHMAN & MALLON, LLP
### ATTORNEYS AT LAW

305 BROADWAY
SUITE 900
NEW YORK, NY 10007-1187

(212) 897-5840
Telecopier: (212) 897-5841
Web pages:
www.tenantslaw.net
www.consumeratty.net
www.MyFairCredit.com

James B. Fishman
ᐃKevin Mallon

*Susan K. Crumiller
†Jennifer M. Addonizio

ᐃAlso admitted in CA
*Also admitted in NJ
†Also admitted in MA

Laurence H. Pearson
Of Counsel

Rhode Al Khani
Office Manager

January 21, 2013

**Via Fax to 212-805-7930**
Hon. James C. Francis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: **Lee v. Kucker & Bruh etc.**
12 CIV 4662 (BSJ)(JCF)

Dear Judge Francis,

I represent the plaintiff in the above action. I am writing pursuant to FRCP 45(c)(3) seeking an order quashing a subpoena served by the **pro se** defendants seeking my testimony in this action. I also request, for the reasons set forth below, that the discovery cut-off be extended for an additional thirty days to allow the plaintiff to complete depositions of the defendant and a non-party witness, Joseph Lopez.

This is an action brought pursuant to the Fair Debt Collection Practices Act (15 USC § 1692 et seq.) which alleges that the defendant law firm and Alan Kucker, a partner of such firm, issued a statutory rent demand to, and then commenced a summary eviction proceeding against, the plaintiff in the New York City Housing Court, which demanded payment of rent that was not in fact due and owing. The complaint alleges that the defendants acted in a false, deceptive, misleading and unfair manner, the natural consequence of which is to harass, oppress, or abuse the plaintiff in connection with the collection of a debt and that they demanded payment of rent that was not in fact due and owing, in violation of 15 U.S.C. §§, 1692d, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10), and 1692f.

I represented the plaintiff in the Housing Court proceeding (Woodfin Realty Corp. v. Lee, Index No. L&T 60394/12)(the "eviction proceeding") which ended with the Court granting the landlord's motion to discontinue it upon the condition that it pay legal fees

Hon. James C. Francis
United States Magistrate Judge
Southern District of New York
January 21, 2013
page two

Re: **Lee v. Kucker & Bruh etc.**
12 CIV 4662 (BSJ)(JCF)

to the plaintiff in the amount of $1500.00.

This action was commenced on June 14, 2012, after the dismissal of the Housing Court proceeding.

On January 14, 2013 the defendants issued a subpoena seeking both my testimony as well as the production of "(My) entire court file in (the eviction proceeding)" together with a letter explaining that the subpoena was "regarding the facts of the landlord-tenant case…" (Attached as Exhibit A)

On January 15, 2013, in an effort to meet and confer on the matter, I advised the defendants that their issuance of a subpoena seeking my testimony was entirely improper, for a variety of reasons and was obviously undertaken for the purpose of harassment, causing unnecessary delay or to needlessly increase the cost of litigation, in violation of FRCP 11(b)(1).

I also advised the defendants that they did not indicate in their FRCP 26(a)(1) Disclosures that I was a person likely to have knowledge or discoverable information. Nor did the defendants indicate in the scheduling order that they would seek to depose me. My letter demanded that the subpoena be withdrawn in order to avoid the need for motion practice. (Attached as Exhibit B)

On January 17, 2013, in response to my letter, the defendants wrote that the subpoena would not be withdrawn. The defendants further claimed "our subpoena was undertaken for the purpose of obtaining discovery regarding your bringing this action (1) 'in bad faith and for the purpose of harassment,' warranting the award to the Defendants of the attorney's fees pursuant to 15 USC § 1692k(a)(3), and (ii) "to harass, cause unnecessary delay, or needlessly increase the cost of litigation" in violation of FRCP 11(b)(1), warranting the imposition fo sanctions pursuant o FRCP 11(c).

The defendants have demonstrated a fundamental ignorance of both 15 USC § 1692k(a)(3) as well as FRCP 11, as both claims are entirely premature. Neither the FDCPA provision or Rule 11 provide the basis for a claim **before** the Court has first dismissed the complaint. Indeed, the statutory language provides,

> (3) **On a finding by the court** that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorneys fees reasonable in relation to the work expended and costs. (Emphasis added)

Hon. James C. Francis
United States Magistrate Judge
Southern District of New York
January 21, 2013
page three

                Re: **Lee v. Kucker & Bruh etc.**
                    12 CIV 4662 (BSJ)(JCF)

For the same reason, a § 1692k(a)(3) claim cannot be maintained as a counterclaim to an FDCPA complaint. **Johnson v. Brock & Scott, PLLC,** 2012 U.S. Dist. LEXIS 140713, 18-22 (E.D.N.C. Sept. 26, 2012):

> The court has been unable to locate any cases from the United States Courts of Appeals that address whether a separate cause of action for attorneys' fees exists under 15 U.S.C. § 1692k(a)(3). However, a number of district courts have held that no such cause of action exists. In general, these courts reason that the plain language of § 1692k(a)(3) permits only "relief" to a prevailing party in the form of attorneys' fees and not a separate cause of action. See, e.g., Hardin v. Folger, 704 F. Supp. 355, 356-57 (W.D.N.Y 1988) ("section 1692k(a)(3) provides relief, but not a claim to defendants"); Allers-Petrus v. Columbia Recovery Grp., LLC, No. C08-5533-FDB, 2009 U.S. Dist. LEXIS 41151, 2009 WL 1160061, at *1 (W.D. Wash. Apr. 29, 2009) ("if a plaintiff brings an FDCPA action and loses, subsection 1692k(a)(3) permits the court [*20] to award attorney's fees and costs to the defendant"); Rodriguez v. Portfolio Recovery Assocs., 841 F. Supp. 2d 1208, 1210-12 (W.D. Wash. 2012) (citing numerous cases that hold section 1692k(a)(3) does not provide a separate cause of action).
>
> The court agrees with this reasoning. Because section 1692k(a)(3) provides relief to a defendant only if that defendant prevails, Defendants here may not pursue a counterclaim for relief that they are not currently entitled to. Thus, as to the claim for attorneys fees, the Motion to Dismiss is ALLOWED.

Nor is there any basis to conduct discovery on a FRCP 11 claim before the action has been dismissed.

The plaintiff certainly does not concede that his action was brought in bad faith or for any purpose that would justify an award of attorneys fees and reserves the right to address the factual claims set forth in the defendants' January 17 letter. However there is no basis whatsoever to permit the defendants to conduct my deposition on this issue, particularly at this juncture, where there has been no determination on the merits of the plaintiff's claims.

Further, the defendants do not, and cannot, overcome the fact that their subpoena necessarily implicates privileged matter between myself and my client. Nor have the defendants shown that the information they are seeking, even if it were not

Hon. James C. Francis
United States Magistrate Judge
Southern District of New York
January 21, 2013
page four

Re: **Lee v. Kucker & Bruh etc.**
12 CIV 4662 (BSJ)(JCF)

privileged or premature, is not available through other, less intrusive means.

Accordingly, the Court should issue an order quashing the subpoena seeking the testimony of, and document production from, the plaintiff's attorney.

Finally, the plaintiff requests that the Court extend the currently January 25, 2013 deposition cut off for at least 30 days. The plaintiff initially served notices to conduct the deposition of the defendant as well as Mr. Lopez, a representative of the non-party landlord, on January 9 and 4 respectively. However, those examinations had to be postponed due to a death in my family which required me to be out of state during that period. In his January 14 letter, defendants' counsel states that "(T)he depositions of Mr. Kucker and Mr. Lopez [1](from the non-party landlord) will not be re-secheduled unless and until fully compliant (discovery) responses are received by us." (See Exhibit B)

Since my return to New York I have endeavored, without success, to schedule those examinations. An extension of the deposition cut-off is therefore necessary.

Thank you for your consideration of this matter.

Respectfully submitted,

JAMES B. FISHMAN

cc: Abner T. Zelman
encls.

---

[1] The defendants, who are *pro se* in this action, do not represent the non-party Joseph Lopez, or his employer, Mall Properties. The defendants' refusal to re-schedule Mr. Lopez' examination is therefore unfounded.

**EXHIBIT A**

# Kucker & Bruh, LLP
ATTORNEYS AT LAW

747 THIRD AVENUE
NEW YORK, NY 10017

212-869-5030
FAX 212-944-5818
www.kuckerandbruh.com

SAUL D. BRUH
ALAN D. KUCKER
PATRICK K. MUNSON
JAMES R. MARINO
NATIV WINIARSKY
ANDREW B. BITTENS†
WILLIAM D. HUMMELL
JOHN M. CHURNEFTSKY
CATHERINE A. HELWIG†
IVAN B. OKUN

BRANDON S. GRIBBEN†
TANYA M. OWENS
JONATHAN I. MANN

OF COUNSEL:
ABNER T. ZELMAN
ROBERT H. BERMAN
GREGG R. KURLANDER†

†ALSO ADMITTED IN N.J.

January 14, 2013

BY HAND DELIVERY TO:

James B. Fishman, Esq.
Fishman & Mallon, LLP
305 Broadway, Suite 900
New York, N.Y. 10007

Re: Lee v. Kucker & Bruh LLP et ano., 12 Civ. 4662 (BSJ)(JCF)

Dear Mr. Fishman:

The Defendants reject Plaintiff's settlement demand for $15,000. Please also note that Plaintiff has not yet provided responses to Defendants' document requests and interrogatories that were served on November 30, 2012, which responses were thus due by December 30, 2012, and which therefore are now more than two weeks overdue. The depositions of Mr. Kucker and Mr. Lopez will not be re-scheduled unless and until fully compliant responses to said document requests and interrogatories are received by us.

Please also confirm the appearance and attendance of Mr. Lee at his deposition to commence at our office on January 22, 2013 at 2:00 p.m. pursuant to the notice of deposition that was served December 14, 2012, but please note that said deposition will not be concluded on that date if Plaintiff's responses to Defendants' document requests and interrogatories have not been received by then, but will be held open and continued to such time as such responses are received and he may be examined upon them.

Finally, I have enclosed your subpoena ad testificandum to be deposed at our office on January 24, 2013 commencing at 11:00 a.m. regarding the facts of the landlord-tenant case Woodfin Realty Corp. v. Lee which form the basis of the instant action, together with our check for $18.00 for your witness fee, and the Notice of Subpoena Duces Tecum to Paris R. Baldacci, Director of the Housing Rights Clinic of the Cardozo School of Law.

Very truly yours,

Abner T. Zelman

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| RAFAEL LEE,<br>*Plaintiff*<br>v.<br>KUCKER & BRUH, LLP and ALAN D. KUCKER,<br>*Defendant* | Civil Action No.  12 CV 4662<br>(If the action is pending in another district, state where: ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  JAMES B. FISHMAN, ESQ., c/o FISHMAN & MALLON, LLP, 305 BROADWAY, SUITE 900, NEW YORK, NEW YORK 10007

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Kucker & Bruh, LLP<br>747 Third Avenue, 12th Floor<br>New York, New York 10017 | Date and Time:<br>01/24/2013 11:00 am |
|---|---|

The deposition will be recorded by this method:  _Stenographically_

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
Your entire court file in Woodfin Realty Corp. v. Lee, Index No. L&T 60394/2012, Civil Court, New York County

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  01/14/2013

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   __Defendants__
_____, who issues or requests this subpoena, are:

Kucker & Bruh, LLP
747 Third Avenue, 12th Floor
New York, New York 10017        Attn: Abner T. Zelman, Esq.

**EXHIBIT B**

# FISHMAN & MALLON, LLP
### ATTORNEYS AT LAW

305 BROADWAY
SUITE 900
NEW YORK, NY 10007-1187

(212) 897-5840
Telecopier: (212) 897-5841
Web pages:
www.tenantslaw.net
www.consumeratty.net
www.MyFairCredit.com

James B. Fishman
ᐃKevin Mallon

*Susan K. Crumiller
†Jennifer M. Addonizio

ᐃAlso admitted in CA
*Also admitted in NJ
†Also admitted in MA

Laurence H. Pearson
Of Counsel

Rhode Al Khani
Office Manager

January 15, 2013

**VIA ELECTRONIC MAIL**
Abner T. Zelman
Kucker & Bruh, LLP
747 3rd Avenue
New York, NY 10017

RE: *Lee v. Kucker & Bruh, LLP*
Docket No. 12 Civ. 4662 SDNY

Dear Mr. Zelman,

I am writing with respect to your January 14 letter received today, and in an effort to meet and confer prior to seeking appropriate relief from the Court, and pursuant to FRCP 11 ( c ) (2).

You indicate that the defendants wishes to take the extraordinary step of deposing me, the plaintiff's attorney "regarding the facts of the landlord-tenant case Woodfin Realty Corp. v. Lee which form the basis of the instant action…"

The subpoena issued to me for this purpose is entirely improper, for a variety of reasons and was obviously undertaken for the purpose of harassment, causing unnecessary delay or to needlessly increase the cost of litigation, in violation of FRCP 11(b)(1).

Nor did the defendants indicate in their FRCP 26(a)(1) Initial Disclosures that I was a person likely to have knowledge of discoverable information.

Case 1:12-cv-04662-LGS   Document 8   Filed 01/21/13   Page 10 of 13

Abner T. Zelman
Kucker & Bruh, LLP
January 16, 2013
Page two

      RE:  **Lee v. Kucker & Bruh, LLP**
            Docket No. 12 Civ. 4662 SDNY

    Nor have the defendants established that any information claimed to be discoverable from me cannot be obtained through other means.

    Demand is hereby made that the subpoena seeking my testimony be withdrawn forthwith in order to avoid the need for an appropriate motion.

                                       Very truly yours,

                                       JAMES B. FISHMAN

cc: Rafael Lee

**EXHIBIT C**

**Kucker
& Bruh, LLP**
ATTORNEYS AT LAW

747 THIRD AVENUE
NEW YORK, NY 10017

212-869-5030
FAX 212-944-5818
www.kuckerandbruh.com

SAUL D. BRUH
ALAN D. KUCKER
PATRICK K. MUNSON
JAMES R. MARINO
NATIV WINIARSKY
ANDREW B. BITTENS†
WILLIAM D. HUMMELL
JOHN M. CHURNEFTSKY
CATHERINE A. HELWIG†
IVAN B. OKUN

BRANDON S. GRIBBEN†
TANYA M. OWENS
JONATHAN I. MANN

OF COUNSEL:
ABNER T. ZELMAN
ROBERT H. BERMAN
GREGG R. KURLANDER†

†ALSO ADMITTED IN N.J.

January 17, 2013

BY E-MAIL AND U.S. MAIL FIRST CLASS TO:

James B. Fishman, Esq.
Fishman & Mallon, LLP
305 Broadway, Suite 900
New York, N.Y. 10007

Re: Lee v. Kucker & Bruh LLP et ano., 12 Civ. 4662 (BSJ)(JCF)

Dear Mr. Fishman:

In response to your letter of January 15, 2013, we categorically refute and deny your assertion that our subpoena to you was "undertaken for the purpose of harassment, causing unnecessary delay or to needlessly increase the cost of litigation, in violation of FRCP 11(b)(1)." To the contrary, our subpoena was undertaken for the purpose of obtaining discovery regarding your bringing this action (i) "in bad faith and for the purpose of harassment," warranting the award to the Defendants of their attorney's fees pursuant to 15 U.S.C. §1692k(a)(3), and (ii) "to harass, cause unnecessary delay, or needlessly increase the cost of litigation" in violation of Fed. R. Civ. P. 11(b)(1), warranting the imposition of sanctions pursuant to Fed. R. Civ. P. 11(c).

The following facts that are already in the record of this cause establish a prima facie case of such bad faith: (i) as alleged at paragraphs 23-24 of Plaintiff's Complaint, in response to an erroneous rent demand by the Plaintiff's landlord in October, 2011, the Plaintiff's then attorney sent correspondence to the landlord enclosing documentation of Plaintiff's SCRIE status, whereupon the landlord acknowledged its error and withdrew the demand without any eviction proceeding having been commenced; (ii) when the subsequent rent demand by the Defendants was made in March, 2012 based upon the erroneous information provided to them by the landlord, you did not communicate the information and provide the documentation regarding the Plaintiff's SCRIE status to Defendants (as Plaintiff's previous attorney had done in October, 2011), despite the fact that such information and documentation were within your knowledge and possession. In fact, you only informed the Defendants about Plaintiff's SCRIE status *after* Defendants had commenced the eviction proceeding – in your answer to same – and you never provided the Defendants with the documentation regarding Plaintiff's SCRIE status, even though you had demanded and received from the Defendants a copy of the landlord's erroneous

2

statement upon which the rent demand was based and therefore knew that the Defendants had made the demand in good faith error, and would not have continued to commence an eviction proceeding had they been provided with such information and documentation. Your deliberate withholding of the referenced information and documentation were for the apparent purpose of creating circumstances giving rise to the instant FDCPA action.

The information regarding the aforesaid matters is uniquely within your possession and control, and can only be obtained through discovery of you and the records maintained by your office. Moreover, such discovery will not implicate the attorney-client privilege as we intend to elicit only the facts regarding the underlying landlord-tenant proceeding and the actions undertaken by you therein, and not the content of any confidential communications between you and the Plaintiff. It is well settled that "'neither the attorney-client privilege nor the work product privilege protects underlying facts,'" Gucci America, Inc. v. Guess?, Inc., 2010 U.S. Dist. Lexis 65873 (S.D.N.Y. 2010); Upjohn Co. v. United States, 449 U.S. 383, 395-396, 399 (1981). Accordingly, we reject your demand that we withdraw our subpoena, and in turn demand your compliance with same.

Very truly yours,

Abner T. Zelman