UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket No. 12
CV 4662
(BSJ)(JSF)

RAFAEL LEE,

Plaintiff,

-against-

KUCKER & BRUH, LLP and
ALAN D. KUCKER,

Defendants.

## DECLARATION OF JAMES B. FISHMAN IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO QUASH SUBPOENA

**JAMES B. FISHMAN**, declares under penalties of perjury, pursuant to 28

USC § 1746, that the following is true and correct.

1. I am a member of Fishman & Mallon, LLP, attorneys for the

plaintiff in this action.

2. I am fully, and personally, familiar with the facts and

circumstances set forth herein.

3. This declaration is offered in reply to the Defendants' opposition

to the Plaintiff's motion for an order, pursuant to FRCP 45(c)(3), quashing

a subpoena served on me, and in further support of that motion.

4. Attached hereto as Exhibit 1 is a true and accurate copy of a

Three Day Rent Demand, dated March 15, 2012, issued by the

Defendants and sent to the Plaintiff on or about March 19, 2012.

5. Attached hereto as Exhibit 2 is a true and accurate copy of a

Petition and Notice of Petition in **Woodfin Realty, Inc. v. Rafael Lee**, Index No. L&T 60394/12 (Civil Court, Housing Part, New York County)(the "summary proceeding") verified by the Defendant Alan D. Kucker and sent to the Plaintiff on or about March 26, 2012.

    5.  Attached hereto as Exhibit 3 is a true and accurate copy of the "New Client Matter Form," dated April 4, 2012 completed by the Plaintiff at his first visit to my office.

    6.  Attached hereto as Exhibit 4 is a true and accurate copy of the retainer agreement between the Plaintiff and Fishman & Mallon, LLP pertaining to the summary proceeding, dated April 3, 2012.

    7.  Attached hereto as Exhibit 5 is a true and accurate copy of the retainer agreement, dated April 4, 2012, between the Plaintiff and Fishman & Mallon, LLP pertaining to the Plaintiff's claims in this action.

    8.  Attached hereto as Exhibit 6 is a true and accurate copy of a letter I wrote to the Defendants dated April 11, 2012.

    9. Attached hereto as Exhibit 7 is a true and accurate copy of a letter I wrote to the Defendants dated May 15, 2012.

    10.  Attached hereto as Exhibit 8 is a true and accurate copy of the May 17, 2012 order of the Civil Court, Housing Part, dismissing the summary proceeding and directing the Plaintiff's landlord to pay $1,500.00 in legal fees to the Plaintiff.

    11.  Attached hereto as Exhibit 9 is a true and accurate copy of the

January 15, 2013 letter I sent to the Defendants.

 12. Attached hereto as Exhibit 10 is a true and accurate copy of the

Defendants' response to Exhibit 9.

 Dated: New York, NY
    February 7, 2013

              _____
              JAMES B. FISHMAN

**EXHIBIT 1**

**THREE DAY NOTICE**

Rafael Lee, Tenant
810 West 183rd Street, Unit 3D
New York, NY  10033

PLEASE TAKE NOTICE that you are hereby required to pay to the landlord of the above described premises, the sum of $1,125.23 for rent and additional rent of the premises as follows:

| | | |
|---|---|---|
| March Rent | 2012 | $ 790.30 |
| March Fuel | 2012 | $  38.07 |
| Balance of February Rent | 2012 | $  30.37 |
| February Fuel | 2012 | $  38.07 |
| January Fuel | 2012 | $  38.07 |
| December Fuel | 2011 | $  38.07 |
| November Fuel | 2011 | $  38.07 |
| October Fuel | 2011 | $  38.07 |
| September Fuel | 2011 | $  38.07 |
| August Fuel | 2011 | $  38.07 |

You are required to pay within three days from the day of service of this notice, or to give up possession of the premises to the landlord.  If you fail to pay or to give up the premises, the landlord will commence summary proceedings against you to recover possession of the premises.

### FAIR DEBT COLLECTION PRACTICE ACT (FDCPA) VERIFICATION NOTICE

Although we have requested that you make payment with in three (3) days you still have right to make a written request, within thirty (30) days of your receipt of this notice, for more information about the debt. Your rights are described below:

Pursuant to 15 U.S.C. § 1692g:

1) The amount owed is $1,125.23;

2) The name of the creditor to whom the debt is owed is Woodfin Realty Corp ;

3) Unless you, the consumer, within thirty (30) days after receipt of the notice, dispute the validity of the debt, or any portion hereof, this office will assume that the debt is valid;

4) If you, the consumer, notify this office in writing within thirty (30) days after receipt of this notice that the debt, or any portion hereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you, the consumer and a copy of such verification or judgment will be mailed to you, the consumer, by this office;

Lee0015

5) Upon your written request within the aforementioned thirty    (30) day period, this office will provide you, the consumer, with the name and address of the original creditor, if different from the current creditor.

The advice contained in this FDCPA VERIFICATION NOTICE pertains to your dealings with me and the law firm as a debt collector. It does not change the time in which you must cure your default in payment of rent as set forth in this accompanying "Three Day Notice". The "Three Day Notice" is a predicate notice required by law for the institution of a summary nonpayment proceeding by the landlord under state law.

Further, pursuant to 15 U.S.C. § 1692e:

This is an attempt to collect a debt and any information obtained will be used for that purpose.

DATE: March 15, 2012

Woodfin Realty Corp
(Landlord)

By: Alan D. Kucker, Esq.
Attorney for Landlord

Alan D. Kucker
Kucker & Bruh, LLP
Attorney for Landlord
747 Third Avenue
New York, N.Y. 10017
(212) 869-5030

Lee0016

**EXHIBIT 2**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART

---------------------------------------------------------------x

L&T Index No. 060894/12

Woodfin Realty Corp

                Petitioners-Landlords,

**NOTICE OF PETITION**
**Non-Payment Residential**

      -against-

Rafael Lee
810 West 183rd Street, Unit 3D
New York, NY  10033

             Respondent-Tenant.

---------------------------------------------------------------x

     To the Respondent(s) above named and described, in possession of the premises hereinafter described or claiming possession thereof:

     PLEASE TAKE NOTICE, that the annexed Petition of Woodfin Realty Corp verified March 26, 2012 requests a Final Judgment of Possession, awarding to the Petitioner possession of premises described as follows:  All rooms in Unit 3D in the premises located at 810 West 183rd Street, County of New York, City of New York, State of New York, as demanded in the Petition.

     TAKE NOTICE also, that demand is made in the Petition for Judgment against you for the sum of $1,125.23 with interest from August 01, 2011.

     TAKE NOTICE also, that WITHIN FIVE DAYS after service of this Notice of Petition upon you, you must answer, either orally before the Clerk of this Court at 111 Centre Street, Room 225, County of New York, City of New York, State of New York, or in writing by serving a copy thereof upon the undersigned attorneys for the Petitioner, and by filing the original of such answer, with proof of service thereof, in the Office of the Clerk.  Your answer may set forth any defense or counterclaim you may have against the Petitioner, unless such defense or counterclaim is precluded by law or prior agreement of the parties.  On receipt of your answer,

*Index No.* *Year 20*

CIVIL COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART

Woodfin Realty Corp,

Petitioner-Landlord,

-against-

Rafael Lee
810 West 183rd Street
New York, NY  10033

Respondent-Tenant,

## NOTICE OF PETITION

### KUCKER & BRUH, LLP

*Attorneys for*

### PETITIONER

747 THIRD AVENUE
NEW YORK, NEW YORK 10017
(212) 869-5030

*Please refer all communications to:* Alan D. Kucker          *Esq.*

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* March 26, 2012

Signature ...................................................

Print Signer's Name........ Alan D. Kucker, Esq. ........

*Service of a copy of the within* *is hereby admitted.*

*Dated:*

........................................................

*Attorney(s) for*

## PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY

*that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within-named Court on*          *20*

☐ NOTICE OF SETTLEMENT

*that an Order of which the within is a true copy will be presented for settlement to the*
*Hon.*          *, one of the judges of the within-named Court,*
*at*
*on*          *20*          *, at*          *M.*

*Dated:*

### KUCKER & BRUH, LLP

Lee0047          *Attorneys for*

*To:*

747 THIRD AVENUE
NEW YORK, NEW YORK 10017

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART
------------------------------------------------------------------x

L&T Index No. 060394|12

Woodfin Realty Corp

             Petitioners-Landlords,

**PETITION**
**Non-Payment Residential**

   -against-

Rafael Lee
810 West 183rd Street, Unit 3D
New York, NY  10033

             Respondent-Tenant.

------------------------------------------------------------------x

The Petition of Woodfin Realty Corp alleges as follows:

1. Petitioner is the landlord and owner of the premises:  all rooms, Unit 3D in the building known as 810 West 183rd Street, County of New York, City of New York, State of New York ("premises").

2. Respondent(s) Rafael Lee is the tenant in possession of said premises pursuant to a written rental agreement made heretofore wherein respondent(s) promised to pay to petitioner as rent the sum of $790.30 each month in advance on the first day of each month.

3. Respondent(s) are now in possession of said premises. Said premises are the residence of the tenant(s) herein.

4. Except for the premises sought to be recovered, the Petitioner lacks written notice of any other address of the respondent(s) herein.

5. The premises from which removal is sought were rented for residential purposes and are described as follows: Unit 3D in the building known as 810 West 183rd Street, situated within the territorial jurisdiction of the Civil Court of the City of New York, County of New York.

Lee0048

6. Pursuant to the aforementioned agreement there is due from respondents-tenants the sum of $1,125.23.

| | | |
|---|---|---|
| March Rent | 2012 | $790.30 |
| March Fuel | 2012 | $38.07 |
| Balance of February Rent | 2012 | $30.37 |
| February Fuel | 2012 | $38.07 |
| January Fuel | 2012 | $38.07 |
| December Fuel | 2011 | $38.07 |
| November Fuel | 2011 | $38.07 |
| October Fuel | 2011 | $38.07 |
| September Fuel | 2011 | $38.07 |
| August Fuel | 2011 | $38.07 |

7. Said rent has been demanded by written 3-Day demand since same became due. A copy of same along with proof of service is attached hereto and made a part hereof.

8. Respondents have defaulted in the payments thereof and continue in possession of the premises without permission after said default.

9. The apartment is subject to the City Rent Law and the rent demanded herein does not exceed the maximum rent prescribed by the Office of Rent Control. The premises have been duly registered with the New York State Division of Housing and Community Renewal.

10. The subject premises sought to be recovered are located in a building that is a multiple dwelling and pursuant to the Housing Maintenance Code Section 27-2097 there is a currently effective registration on file with the Office of Code Enforcement which designates the managing agent named below, a natural person over 21 years of age to be in control of and responsible for the maintenance and operation of the dwelling:

Registered Managing Agent: Melanie Rogers

Address: 654 Madison Ave 12th Floor, New York, New York 10065

Multiple Dwelling No.: 125873

WHEREFORE, Petitioner-Landlord requests a final judgment awarding possession of the premises to Petitioner-Landlord; issuance of a warrant to remove respondents from possession thereof; judgment for $1,125.23, with interest from August 01, 2011 and the fair value of use and occupancy; with attorney fees, costs and disbursements herein plus legal fees pursuant to the agreement between the parties or such other amount as is determined by the Court.

This is an attempt to collect a debt and any information will be used for that purpose.

Dated: New York, NY
March 26, 2012

Woodfin Realty Corp
Petitioners-Landlords

Lee0050

<u>VERIFICATION</u>

STATE OF NEW YORK      )
                                         ) ss.:
COUNTY OF NEW YORK  )

Alan D. Kucker, one of the attorneys for the Petitioner herein, hereby affirms under the penalties

of perjury and pursuant to CPLR 2106 that I have read said Petition and knows the contents

thereof; and that upon information and belief the contents thereof are true.   The source of

affirmant's information and belief are oral statements books and records furnished by the

Petitioner, its agents and/or employees and material contained in my office files. The reason this

verification is made by counsel is because RPAPL Section 741 authorizes same.

Dated: New York, NY
           March 26, 2012

_____
Alan D. Kucker
Attorney for Landlord

KUCKER & BRUH, LLP
Attorneys for Petitioner
747 Third Avenue
New York, New York 10017
(212) 869-5030

Lee0051

**EXHIBIT 3**

# Fishman & Mallon, LLP

305 Broadway, Suite 900
New York, NY 10007
(212) 897-5840
fax (212) 897-5841
*www.tenantslaw.net*

## NEW CLIENT MATTER FORM

Date: _4/4/2012_

NAME: _LEE_ _RAFAEL_
              Last             First

ADDRESS: _810 W 183 St_ _3D_
            _NY_ _NY 10033_

PHONE:  cell: _____

        home: _212-568 3499_

        office: _____

EMAIL: _USERL 9604 @ AOL.Com_

DATE OF BIRTH: _01-18/1931_

EMPLOYER: _____ OCCUPATION: _RETIRED_

EMPLOYER'S ADDRESS: _____

ALTERNATE CONTACT IN CASE OF EMERGENCY:

NAME: _Julian Asion_ RELATIONSHIP: _Cousin_

ADDRESS: _772 A Union St   Bklyn NY_

PHONE: _917 834 6845_ circle one: home / work / (cell)

How were you referred to this office? _Mr Paris Balducci_

**Legal Referral Service referrals only:** reference # _____

**EXHIBIT 4**

CX 8

**Fishman & Mallon, LLP**
305 Broadway Suite 900
New York, New York, NY 10007
(212) 897-5840
fax (212) 897-5841
*www.tenantslaw.net*

## RETAINER AGREEMENT - INDIVIDUAL

It is agreed that RAFAEL LEE ("the client") hereby retains FISHMAN & MALLON, LLP ("the attorneys") for legal representation on the following terms:

Defense of a summary non-payment proceeding, ***Woodfin Realty Corp. v. Lee***, Index No. L&T 60394/12 Civil Court, New York County, in connection with the client's apartment at 810 West 183rd Street Apt. 3-D NY NY.

1. The attorney fee is computed at the rate of $395.00 per hour for all work done by James B. Fishman, $300 per hour by Kevin Mallon, $ 275.00 per hour by Susan Crumiller and $250.00 by Jennifer Addonizio. The client understands that legal work on her behalf may also be performed by an additional attorney(s), either on an of counsel basis, or by a subsequently engaged partner at the same hourly rate. Any work performed on the client's behalf by a law student or legal assistant is presently billed at $95.00 per hour. Any work performed by a paralegal is presently billed at $95.00 per hour. The client understands that the above hourly rates are discounted and the attorneys shall not limited to such rates in any application made to a court for attorney's fees.

2. All time expended on the client's case is billed, including, but not necessarily limited to, time expended on telephone calls for any reason involving the client' matter (incoming and outgoing), travel time, waiting time in court, preparation time, office conferences, negotiations, meetings, drafting, legal research, etc., in units of one tenth (1/10th) of an hour with a one tenth (1/10th) hour minimum.

3. The client understands that this agreement does not include the commencement or defense of litigation or any appeal, not described above, unless otherwise agreed in writing. In that event, any unused portion of the retainer fee shall be applied to a subsequently entered litigation retainer.

4.  Pursuant to Part 1215 of the Joint Rules of the Appellate Division, as well as the Statement of Client's Rights and Responsibilities, in the event that a dispute arises between the client and the attorneys relating to legal fees, you may have the right to seek arbitration of the dispute pursuant to Part 137 of the Rules of the Chief Administrator of the Courts, a copy of which will be provided to you upon request.

5.  The client agrees and understands that all communication in connection with this matter with her landlord and/or her landlord's attorney, shall be conducted by the attorney and that the client shall not initiate, nor conduct, any communication with the landlord or its attorney without the attorney's approval except in an emergency.

Dated:      New York, New York
            April 3, 2012


_____
RAFAEL LEE


_____
FISHMAN & MALLON, LLP
By JAMES B. FISHMAN

(retfna 1/00)

**EXHIBIT 5**

**Fishman & Mallon, LLP**
305 Broadway Suite 900
New York, New York, NY 10007
(212) 897-5840
fax (212) 897-5841
*www.tenantslaw.net*

## <u>RETAINER AGREEMENT - INDIVIDUAL</u>

   It is agreed that RAFAEL LEE ("the client") hereby retains FISHMAN & MALLON, LLP ("the attorneys") for legal representation on the following terms:

  1.  The attorneys shall assert a claim on the client's behalf, against Kucker & Bruh, LLP and any individual member of such firm for violation of the Fair Debt Collection Practices Act and any other applicable claims, in connection with its actions in seeking to collect rent from the client for his apartment that he does not owe.

  2.  The attorney's shall receive, as their fee under this agreement, the greater of (a) any court awarded fee; (b) any fee obtained by settlement or (c) their hourly fee based upon their standard Federal Court hourly rates for such cases as follows: James Fishman $550.00, Kevin Mallon $400.00, Susan Crumiller $300.00, Jennifer Addonizio $275.00.

  3.  The attorneys shall not receive any fee other than as described above, **<u>except</u>** under the following circumstances: If the client misrepresents any material fact to the attorneys and the client(s)' case is thereby rendered less

valuable, or, if the client fails to render full cooperation in the prosecution and disposition of the case, or if the client substitutes or changes attorneys, or if the clients discharge the attorneys other than for just cause.

4. If any of the events described in paragraph 4 occur, the attorneys shall be entitled to a fee for the time incurred up until the happening of any such occurrence calculated at the rates set forth above, or the contingency fee described in paragraph 1, whichever is greater.

5. The client understands that this agreement does not include the commencement or defense of litigation, proceeding or any appeal, not described above, unless otherwise agreed in writing.

6. Pursuant to Part 1215 of the Joint Rules of the Appellate Division, as well as the Statement of Client's Rights and Responsibilities, in the event that a dispute arises between the client and the attorneys relating to legal fees, you may have the right to seek arbitration of the dispute pursuant to Part 137 of the Rules of the Chief Administrator of the Courts, a copy of which will be provided to you upon request.

7. No settlement of the client's claims shall be made without the consent of the client except in the event that the client  is unreachable after diligent effort.  In that event, the attorneys are hereby authorized to settle or otherwise dispose of the client's claim and to sign all papers, drafts, releases, dismissals and checks on the client's behalf if necessary.  This authority shall constitute a limited power

of attorney for such purposes.  Any portion of any sum received by the attorneys to which the client is entitled under this agreement shall be held in an interest or non-interest bearing account, at the attorneys' discretion.

Dated:      New York, New York
            April 4, 2012

                                    _____
                                    RAFAEL LEE


                                    _____
                                    FISHMAN & MALLON, LLP
                                    By JAMES B. FISHMAN

(retfna 1/00)

**EXHIBIT 6**

# FISHMAN & MALLON, LLP
### ATTORNEYS AT LAW

305 BROADWAY
SUITE 900
NEW YORK, NY 10007-1187

(212) 897-5840
Telecopier: (212) 897-5841
Web pages:
www.tenantslaw.net
www.consumeratty.net
www.MyFairCredit.com

James B. Fishman
△Kevin Mallon

Laurence H. Pearson
Of Counsel

Rhode Al Khani
Office Manager

April 11, 2012

*Susan K. Crumiller
†Jennifer M. Addonizio

△Also admitted in CA
*Also admitted in NJ
†Also admitted in MA

***VIA ELECTRONIC MAIL***
Alan Kucker
Kucker & Bruh
747 3rd Avenue
New York, NY 10017

RE:   Rafael Lee
810 West 183rd Street
Apt. 3D
New York, NY

Dear Mr. Kucker,

I have your April 6, 2012 letter sent in response to my April 4 letter.

The "documentation" provided with your letter does not constitute "verification" of the alleged claim as required by 15 USC § 1692g as it merely parrots the information set forth in the rent demand, particularly since it completely fails to take into account the fact that my client has, and has long had, a SCRIE.

Demand is hereby made, once again, that you provide proper verification of the alleged claim that fully and accurately includes my client's SCRIE as well as all payments and credits applied to his account since August 2011.

Very truly yours,

*James B. Fishman*, cak

JAMES B. FISHMAN

cc: Rafael Lee

**EXHIBIT 7**

FISHMAN & MALLON, LLP

ATTORNEYS AT LAW

305 BROADWAY
SUITE 900
NEW YORK, NY 10007-1187

(212) 897-5840
Telecopier: (212) 897-5841
Web pages:
www.tenantslaw.net
www.consumeratty.net
www.MyFairCredit.com

James B. Fishman
ᐃKevin Mallon

_____

\*Susan K. Crumiller
†Jennifer M. Addonizio

ᐃAlso admitted in CA
\*Also admitted in NJ
†Also admitted in MA

Laurence H. Pearson
Of Counsel

Rhode Al Khani
Office Manager

May 15, 2012

*VIA ELECTRONIC MAIL
AND FEDERAL EXPRESS*
Gregory Kurlander
Kucker & Bruh
747 3rd Avenue
New York, NY 10017

RE:   ***Woodfin Realty Corp. v. Lee***
Index No. L&T 60394/12

Dear Mr. Kurlander,

I have now had an opportunity to discuss your May 7, 2012 letter with my client.  For the reasons stated here, the petitioner's proposal, set forth in your letter, is rejected.

On October 18, 2011 your client issued a rent demand to my client which contained claims for rent and other charges that were not owed by my client and which completely ignored the fact that he has a Senior Citizens Rent Increase Exemption (SCRIE). Those facts were fully set forth in a letter to your client, supported by documentary evidence, dated November 1, 2011 from Paris Baldacci of the Housing Rights Clinic at Cardozo Law School.

Your client responded to Mr. Baldacci, by email dated November 30, 2012, stating, "Please be advised that I have made the necessary adjustment per the documentation you provided.   These changes will be reflected on the January 2012 rent statement.   Thank you for sending me this information so I could correct Rafael Lee's account." (copy enclosed)

Thereafter, my client's share of the rent continued to be timely paid in full

Gregory Kurlander
Kucker & Bruh
May 15, 2012
Page two

RE:   ***Woodfin Realty Corp. v. Lee***
       Index No. L&T 60394/12


each month. The foregoing notwithstanding, your office issued a second rent demand, dated March 15, 2012, once again inaccurately claiming, in complete disregard of my client's SCRIE, and in complete disregard of your client's November 30, 2011 email, that the same fuel charges were owed.   On April 4 I wrote to your office and, once again, advised that these charges were disputed and demanded verification of them.   On April 6 your office responded by providing a printout from your client which, once again, included the charges that had been acknowledged as erroneous on November 30.

On April 4, 2012 my office prepared and served a verified answer to the petition which, once again, set forth in detail that the charges alleged in the petition were erroneous and that my client's SCRIE was a complete defense to them.

On April 13, the first return date of the petition, I advised you that the petition should be dismissed with prejudice and my client's legal fees reimbursed.   You refused to agree to take either step and instead advised that you would discuss the matter with your office and your client.   Accordingly, the matter was adjourned to May 17.

Nor is this the first time your client has commenced a baseless non-payment proceeding against my client in complete derogation of his SCRIE.   In 2009 a proceeding was commenced (Index N. L&T 92802/09) and subsequently discontinued, with prejudice, because, like this case, it had no factual basis and sought fuel charges from my client that are not collectable because of his SCRIE. In the stipulation settling that case your client agreed to reimburse my client $750.00 in legal fees.[1]

It cannot seriously be disputed that this case should never have been brought and that your client had actual knowledge that it had no basis well before it was brought.

---

[1] Your claim that you are "not at liberty to comment" on the 2009 case is a ***non sequitor*** in that you certainly can confirm its facts with your client as well as with the court file. Nor did I suggest that because your

Gregory Kurlander
Kucker & Bruh
May 15, 2012
Page three

RE:   ***Woodfin Realty Corp. v. Lee***
Index No. L&T 60394/12

Finally, your threat to make an oral application to discontinue the matter pursuant CPLR § 3217(b) is also improper as it is well established that a motion for that relief must be made by written motion.   ***Wilson Estates v. Quinn,*** Index No. L&T 52231/08 8/29/08 (copy enclosed) aff'd 2009 NY Slip OP 52351 (App. Term, 1st Dept. 2009)("The basis of landlord's eviction claim was dubious and landlord ***delayed in formally moving to discontinue the proceeding causing tenant to incur needless litigation***." (emphasis added)(copy enclosed) If and when a formal motion to discontinue is made my client will cross-move for an order conditioning the discontinuance on an order dismissing the petition with prejudice and awarding him legal fees.

Accordingly, your claim for costs pursuant to CPLR § 3221 is baseless.

Very truly yours,

JAMES B. FISHMAN

Encls.
cc: Rafael Lee

Subj:     **FW: Three Day Notice, 10-18-11 Rafael Lee**
Date:     11/30/2011 1:12:39 P.M. Pacific Standard Time
From:    baldacci@yu.edu
To:       userl9604@aol.com
Mr. Lee,

See the mail from Ms. Ballard below.  Let me know if the changes are made on your January bill.

Have a good holiday season.

Paris

------------------------------------------------
*Paris R. Baldacci*
*Director, Housing Rights Clinic*
*Cardozo School of Law*
*55 Fifth Avenue, 11th Floor*
*New York, NY  10003*
*tel.: (212)790-0240*
*fax: (212) 790-0256*
*mobile: (917)664-4950*
*email: baldacci@yu.edu*

**From:** Paris R Baldacci
**Sent:** Wednesday, November 30, 2011 4:11 PM
**To:** 'Rebekah Ballard'
**Subject:** RE: Three Day Notice, 10-18-11 Rafael Lee

Ms. Ballard,

Thank you for your cooperation.   I will check with my client when he received the January rent bill.

Paris R Baldacci.

------------------------------------------------
*Paris R. Baldacci*
*Director, Housing Rights Clinic*
*Cardozo School of Law*
*55 Fifth Avenue, 11th Floor*
*New York, NY  10003*
*tel.: (212)790-0240*
*fax: (212) 790-0256*
*mobile: (917)664-4950*
*email: baldacci@yu.edu*

**From:** Rebekah Ballard [mailto:RBallard@mpi-re.com]
**Sent:** Wednesday, November 30, 2011 3:25 PM
**To:** Paris R Baldacci
**Subject:** RE: Three Day Notice, 10-18-11 Rafael Lee

Paris –

Page 2 of 3

Please be advised that I have made the necessary adjustment per the documentation you provided. These changes will be reflected on the January 2012 rent statement. Thank you for sending me this information so I could correct Rafael Lee's account.

Please let me know if you have any additional questions.

Have a great day!

Rebekah Ballard
*Lease Administrator*
**MPI**
Mall Properties, Inc.
Direct: 614.289.5815

Company Website: www.mpi-re.com

This e-mail and all attachments to it are for the sole use of the intended recipients and may contain proprietary information and trade secrets of MPI Mall Properties, Inc. and its subsidiaries. This e-mail may also contain information which is confidential or which is protected from disclosure by privilege. Any unauthorized use, disclosure or distribution of this e-mail and its attachments is prohibited. If you are not the intended recipient, let us know by reply e-mail and then erase and destroy all electronic or other copies of this message.

**From:** Paris R Baldacci [mailto:baldacci@yu.edu]
**Sent:** Wednesday, November 02, 2011 1:10 PM
**To:** Rebekah Ballard; Mike Stengel
**Subject:** FW: Three Day Notice, 10-18-11 Rafael Lee

Dear Ms. Ballard and Mr. Stengel:

I am re-sending this email and attachment since I inadvertently used the wrong email address on the "cc" of the attached letter. Please deem that to be corrected by this re-sending of the email and attachment.

Sincerely yours,

Paris R. Baldacci

-----------------------------------------------

*Paris R. Baldacci*
*Director, Housing Rights Clinic*
*Cardozo School of Law*
*55 Fifth Avenue, 11th Floor*
*New York, NY 10003*
*tel.: (212)790-0240*
*fax: (212) 790-0256*
*mobile: (917)664-4950*
*email: baldacci@yu.edu*

**From:** Paris R Baldacci
**Sent:** Wednesday, November 02, 2011 11:59 AM
**To:** 'rballard@mallproperties.com'; 'mstengel@mailproperties.com'
**Subject:** Three Day Notice, 10-18-11 Rafael Lee

Dear Ms. Ballard and Mr. Stengel:

Please see that attached response to and demand to desist commencing a summary proceeding based on the Three Day Notice (Rent Demand), dated 10-18-11, recently sent to Rafael Lee, 810 W. 183rd St., Apt. 3D, NY NY 10033.

------------------------------------------------

*Paris R. Baldacci*
*Director, Housing Rights Clinic*
*Cardozo School of Law*
*55 Fifth Avenue, 11th Floor*
*New York, NY  10003*
*tel.: (212)790-0240*
*fax: (212) 790-0256*
*mobile: (917)664-4950*
*email: baldacci@yu.edu*

**EXHIBIT 8**

**Civil Court of the City of New York**

County of NEW YORK

Part N

Index Number 60394/12

Motion Cal. # _____  Motion Seq. # _____

WOODFIN REALTY CORP,

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

RAFAEL LEE,

Defendant(s)/Respondent(s)

**DECISION/ORDER**

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed......... | _____ |
| Order to Show Cause and Affidavits Annexed..... | _____ |
| Answering Affidavits ................................ | _____ |
| Replying Affidavits ................................... | _____ |
| Exhibits ................................................. | _____ |
| Other...................................................... | _____ |

Upon the foregoing cited papers, the Decision/Order on this Motion to _____

_____ is as follows:

Petitioner's application to discontinue this non payment proceeding is granted on condition that petitioner pays respondent $1500.00 to be paid as follows : 1.) $750.00 credited to future rents accruing commencing June 2012 and 2.) $750.00 paid to respondent with its delivery to respondent's attorney by Petitioner's attorney.

A copy of this decision & order is sent by the court to the parties' counsel in their self-addressed envelopes.

This is the decision & order of the court.

5/17/12

Date

Judge, Civil Court

Lee0066

**EXHIBIT 9**

FISHMAN & MALLON, LLP
ATTORNEYS AT LAW

305 BROADWAY
SUITE 900
NEW YORK, NY 10007-1187

(212) 897-5840
Telecopier: (212) 897-5841
Web pages:
www.tenantslaw.net
www.consumeratty.net
www.MyFairCredit.com

James B. Fishman
ΔKevin Mallon

*Susan K. Crumiller
†Jennifer M. Addonizio

ΔAlso admitted in CA
*Also admitted in NJ
†Also admitted in MA

Laurence H. Pearson
Of Counsel

Rhode Al Khani
Office Manager

January 15, 2013

**VIA ELECTRONIC MAIL**
Abner T. Zelman
Kucker & Bruh, LLP
747 3rd Avenue
New York, NY 10017

RE:   *Lee v. Kucker & Bruh, LLP*
        Docket No. 12 Civ. 4662 SDNY

Dear Mr. Zelman,

I am writing with respect to your January 14 letter received today, and in an effort to meet and confer prior to seeking appropriate relief from the Court, and pursuant to FRCP 11 (c ) (2).

You indicate that the defendants wishes to take the extraordinary step of deposing me, the plaintiff's attorney "regarding the facts of the landlord-tenant case Woodfin Realty Corp. v. Lee which form the basis of the instant action…"

The subpoena issued to me for this purpose is entirely improper, for a variety of reasons and was obviously undertaken for the purpose of harassment, causing unnecessary delay or to needlessly increase the cost of litigation, in violation of FRCP 11(b)(1).

Nor did the defendants indicate in their FRCP 26(a)(1) Initial Disclosures that I was a person likely to have knowledge of discoverable information.

Abner T. Zelman
Kucker & Bruh, LLP
January 16, 2013
Page two

RE:  **Lee v. Kucker & Bruh, LLP**
Docket No. 12 Civ. 4662 SDNY

Nor have the defendants established that any information claimed to be discoverable from me cannot be obtained through other means.

Demand is hereby made that the subpoena seeking my testimony be withdrawn forthwith in order to avoid the need for an appropriate motion.

Very truly yours,

JAMES B. FISHMAN

cc: Rafael Lee

**EXHIBIT 10**

# Kucker & Bruh, LLP
### ATTORNEYS AT LAW

747 THIRD AVENUE
NEW YORK, NY 10017

212-869-5030
FAX 212-944-5818
www.kuckerandbruh.com

SAUL D. BRUH
ALAN D. KUCKER
PATRICK K. MUNSON
JAMES R. MARINO
NATIV WINIARSKY
ANDREW B. BITTENS†
WILLIAM D. HUMMELL
JOHN M. CHURNEFTSKY
CATHERINE A. HELWIG†
IVAN B. OKUN

BRANDON S. GRIBBEN†
TANYA M. OWENS
JONATHAN I. MANN

OF COUNSEL:
ABNER T. ZELMAN
ROBERT H. BERMAN
GREGG R. KURLANDER†

†ALSO ADMITTED IN N.J.

January 17, 2013

BY E-MAIL AND U.S. MAIL FIRST CLASS TO:

James B. Fishman, Esq.
Fishman & Mallon, LLP
305 Broadway, Suite 900
New York, N.Y. 10007

Re:  Lee v. Kucker & Bruh LLP et ano., 12 Civ. 4662 (BSJ)(JCF)

Dear Mr. Fishman:

In response to your letter of January 15, 2013, we categorically refute and deny your assertion that our subpoena to you was "undertaken for the purpose of harassment, causing unnecessary delay or to needlessly increase the cost of litigation, in violation of FRCP 11(b)(1)." To the contrary, our subpoena was undertaken for the purpose of obtaining discovery regarding your bringing this action (i) "in bad faith and for the purpose of harassment," warranting the award to the Defendants of their attorney's fees pursuant to 15 U.S.C. §1692k(a)(3), and (ii) "to harass, cause unnecessary delay, or needlessly increase the cost of litigation" in violation of Fed. R. Civ. P. 11(b)(1), warranting the imposition of sanctions pursuant to Fed. R. Civ. P. 11(c).

The following facts that are already in the record of this cause establish a prima facie case of such bad faith: (i) as alleged at paragraphs 23-24 of Plaintiff's Complaint, in response to an erroneous rent demand by the Plaintiff's landlord in October, 2011, the Plaintiff's then attorney sent correspondence to the landlord enclosing documentation of Plaintiff's SCRIE status, whereupon the landlord acknowledged its error and withdrew the demand without any eviction proceeding having been commenced; (ii) when the subsequent rent demand by the Defendants was made in March, 2012 based upon the erroneous information provided to them by the landlord, you did not communicate the information and provide the documentation regarding the Plaintiff's SCRIE status to Defendants (as Plaintiff's previous attorney had done in October, 2011), despite the fact that such information and documentation were within your knowledge and possession. In fact, you only informed the Defendants about Plaintiff's SCRIE status *after* Defendants had commenced the eviction proceeding – in your answer to same – and you never provided the Defendants with the documentation regarding Plaintiff's SCRIE status, even though you had demanded and received from the Defendants a copy of the landlord's erroneous

2

statement upon which the rent demand was based and therefore knew that the Defendants had made the demand in good faith error, and would not have continued to commence an eviction proceeding had they been provided with such information and documentation. Your deliberate withholding of the referenced information and documentation were for the apparent purpose of creating circumstances giving rise to the instant FDCPA action.

The information regarding the aforesaid matters is uniquely within your possession and control, and can only be obtained through discovery of you and the records maintained by your office. Moreover, such discovery will not implicate the attorney-client privilege as we intend to elicit only the facts regarding the underlying landlord-tenant proceeding and the actions undertaken by you therein, and not the content of any confidential communications between you and the Plaintiff. It is well settled that "'neither the attorney-client privilege nor the work product privilege protects underlying facts,'" Gucci America, Inc. v. Guess?, Inc., 2010 U.S. Dist. Lexis 65873 (S.D.N.Y. 2010); Upjohn Co. v. United States, 449 U.S. 383, 395-396, 399 (1981). Accordingly, we reject your demand that we withdraw our subpoena, and in turn demand your compliance with same.

Very truly yours,

Abner T. Zelman