UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket No. 12
CV 4662
(BSJ)(JSF)

RAFAEL LEE,

                                            Plaintiff,

        -against-

KUCKER & BRUH, LLP and
ALAN D. KUCKER,

                                            Defendants.

## PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO THE DEFENDANTS' OPPPOSITION TO THE PLAINTIFF'S MOTION TO QUASH

### Preliminary Statement

This memorandum is respectfully offered by the Plaintiff in reply to the Defendants' Memorandum of Law (i) in Opposition to Plaintiff's Motion to Quash Subpoena of James B. Fishman, and (ii) to Compel Plaintiff to Answer Deposition Questions Regarding the Basis for the Commencement of the Instant Case, as well as in further support of the Plaintiff's motion.

This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA")(15 USC § 1692 *et seq.*) based upon actions taken, and not taken, by the Defendants Kucker & Bruh, LLP and Alan D. Kucker (the "Defendants") in a summary non-payment of rent proceeding brought in 2012 by the Defendants against the Plaintiff in the New York City Housing Court on behalf of the Plaintiff's landlord, Woodfin Realty, Corp.

1

On or about January 14, 2013 the Defendants served a subpoena seeking the deposition testimony of James B. Fishman, the Plaintiff's attorney.  On January 15, 2013 the Plaintiff's attorney wrote to the Defendants and demanded that the subpoena be withdrawn because it was improper. (Attached to the February 7, 2013 Declaration of James B. Fishman ("Fishman Decl.") as Exhibit 9)  On January 17, 2013 the Defendants responded to that letter and refused to withdraw the subpoena.  Thereafter, on January 21, 2013 the Plaintiff moved, by letter motion, for an order, pursuant to FRCP 45(c)(3), quashing the subpoena.[1] By order dated January 22, 2013 the Court directed the Defendants to respond to the motion by January 31, 2013 and the Plaintiff to serve a reply by February 8, 2013.  In their opposition to the Plaintiff's motion the Defendants assert, for the first time, a request that the Court issue an order compelling the Plaintiff to answer certain questions that were objected to at his deposition as violative of the attorney-client privilege.[2]

## Introduction

The Defendants' opposition to the Motion to Quash is devoid of any factual or legal basis.  Indeed, the Defendants' claims are so utterly baseless as to be

---

[1] The Plaintiff also requested an order enlarging the time to complete discovery which the Defendant consented to.

[2] The Defendants have not moved, or cross-moved, for such relief or even made an attempt to meet and confer on that issue.  It is submitted that the Defendants' attempt to inject a separate claim for relief in its opposition papers is wholly improper and should be rejected by the Court.

sanction able pursuant to FRCP 11.   The following is a summary of the legal

deficiencies in the Defendant's opposition to the motion to quash:

1.   The Defendants' answer to the complaint does not contain a defense, affirmative defense or counterclaim alleging that the action was brought in bad faith. FRCP 26(b)(1) limits the scope of discovery to "any non-privileged  matter that is relevant *to any party's claim or defense*…"

2.   The Defendants' attempt to discover information to support a purported claim for attorney's fees pursuant to 15 USC § 1692k(a)(3) is premature as there as been no determination, let alone dismissal of the plaintiff's claims;

3.   An award of attorney's fees under 15 USC § 1692k(a)(3) can only be made against the plaintiff, not its attorney.  The Defendants make no claim whatsoever that the plaintiff was motivated by a bad faith desire to harass the defendant, only that his attorney was;

4.   The Defendants have not provided any factual or legal basis to overcome the attorney-client privilege necessarily implicated by a deposition of the Plaintiff's attorney on the issue of why the action was brought;

5.   The Plaintiff has a substantial likelihood of success on his claim that the Defendants violated the FDCPA, a strict liability statute, and therefore the Defendants will likely never be permitted to pursue a claim for bad faith attorney's fees pursuant to 15 USC § 1692k(a)(3) and it would therefore be improper to permit discovery of that issue now.

## Factual Background of this Action

The Complaint alleges that the Defendants violated the FDCPA by, *inter alia,*

serving a Three Day Rent Demand followed by a Petition commencing a

summary eviction proceeding which alleged that the Plaintiff owed rent to the

Defendants' client. (the "summary proceeding")   The Defendants now concede that the Plaintiff did not in fact owe, and never owed, any rent or other charges at the time the summary proceeding was commenced.

The Rent demand, dated March 15, 2012, is attached to the Fishman Decl. as Exhibit 1.  The Rent Demand was served upon the Plaintiff, according to the Defendants' process server, on March 19, 2012.  The Petition, dated March 26, 2012, is attached to the Fishman Decl. as Exhibit 2.  The Petition was served on the Plaintiff on or about March 27, 2012.

Fishman & Mallon, LLP was not retained by the Plaintiff to represent him in the summary proceeding until April 3, 2012, well after service of both the Rent Demand and the Petition.  (See Fishman Decl., Exhibit 4)[3] Fishman & Mallon, LLP was not retained by the Plaintiff to represent him in an FDCPA action to be brought against the Defendants until April 4, 2012, also well after the Defendants had already violated the FDCPA.  (See Fishman Decl., Exhibit 5)

The Plaintiff's attorney served a written Answer to the Petition in the summary proceeding on April 4, 2012, the day after his firm was retained to represent the Plaintiff in that proceeding. (See Def Memo, Exhibit C)  That Answer set forth the Plaintiff's defenses to the petition, including the fact that he

_____

[3] The Plaintiff provided this document to the Defendants at his January 22, 2013 deposition. Nine days later, the Defendants served their opposition to the Motion to Quash in which they claim that the Plaintiff's attorney somehow orchestrated this action by withholding information about the Plaintiff's SCRIE.  The Defendants' claim is plainly specious as the Plaintiff's attorney was not even retained by the Plaintiff until well after the offending documents were served by them.  Even more disturbing,  the Defendants have continued to press this obviously fallacious claim even after receiving actual knowledge that it is false.

had a Senior Citizen Rent Increase Exemption ("SCRIE") which barred all of the
rent and fuel charge claims set forth in both the Rent Demand and the Petition.

On April 4, 2012 the Plaintiff's attorney also sent a notice to the
Defendants, pursuant to 15 USC § 1692g disputing, on the plaintiff's behalf, the
validity of the claim set forth in the Rent Demand and demanding that the
Defendants provide verification of the claim.  (Def. Memo, Exhibit D)  By letter
dated April 6, 2012 the Defendants responded by sending a printout from its
client's agent "verifying the sum or $1,125.23 as the debt owed by your client to
Woodfin Realty Corp."  (Def. Memo Exhibit E)  The printout alleges that the
Plaintiff owed March 2012 rent in the amount of $790.30.  The document also
indicates that a payment was received by the landlord on March 6, 2012 in the
amount of $400.72.[4]  By letter dated April 11, 2012 the Plaintiff's attorney
advised the Defendants that
The Defendants' now claim that the Plaintiff's attorney "intentionally withheld
…information and documentation for the deliberate purpose of creating
circumstances giving rise to and creating a predicate for the instant FDCPA
action…" That claim is  objectively false as the Plaintiff's attorney was not even
retained until after the Defendants had already violated the law by serving the
Rent Demand and the Petition demanding rent and other charges that were not
due.

---

[4] The Defendants now concede that the Plaintiff's share of the monthly rent, after application
of his SCRIE, is $400.72.

5

Despite having actual knowledge of the Plaintiff's SCRIE, and that there was no factual or legal basis for the summary proceeding, the Defendants further violated the FDCPA by failing and refusing to seek to dismiss it with prejudice. On May 15, 2012 the Plaintiff's attorney wrote to the Defendants advising that the summary proceeding should be discontinued with prejudice and the Plaintiff's legal fees paid by the landlord. (Fishman Decl. Exhibit 7) Ultimately, the summary proceeding was dismissed by the court and the landlord ordered to pay legal fees to the Plaintiff. (Fishman Decl., Exhibit 8)

The Defendants further violated the FDCPA by failing and refusing to provide proper verification of the purported claim set forth in the Rent Demand and the Petition despite having actual knowledge that the Plaintiff's SCRIE barred those claims. Instead, the only "verification" of the alleged debt ever provided, in response to the Plaintiff's demand, was a printout which, on its face, cast doubt on the validity of the claim. (See Exhibit E) And, after receiving the Plaintiff's Answer to the Petition the Defendants certainly gained actual knowledge of his SCRIE which rendered the claim entirely erroneous.

Based on the foregoing there is absolutely no factual basis for the Defendants' claim that the Plaintiff's attorney somehow created an FDCPA violation were none existed. Accordingly, there is no basis for the Defendants' claim that the Plaintiff's attorney acted in bad faith in commencing this action and its effort to obtain discovery on this issue must be rejected.

# LEGAL ARGUMENT

**POINT I**

### THE SUBPOENA MUST BE QUASHED BECAUSE IT DOES NOT SEEK DISCOVERY OF MATTER PERTAINING TO A CLAIM OR DEFENSE OF THE DEFENDANT

The Defendants' answer to the complaint does not contain either a defense or counterclaim alleging that the action was brought in bad faith or to harass the Defendants.[5]  FRCP 26(b)(1) limits the scope of discovery to "any non-privileged  matter that is relevant ***to any party's claim or defense***…" (emphasis added)

The Defendants have not cited any authority that even remotely permits it to engage in intrusive, speculative discovery on a claim that is not even remotely ripe, and indeed no such authority exists.  In this regard, the Defendants claim, in all apparent seriousness, that "the issue is one on which the Court ***may*** have to rule, and therefore on which the Defendants ***may*** have to submit proof, and thus on which the Defendants are entitled to obtain discovery." (Def. Memo, p. 10)(emphasis added)

In "support" of its claim, the Defendants rely exclusively on ***Wang v. The Hearst Corporation***, 2012 U.S. Dist. Lexis 179609 (SDNY 2012).  ***Wang*** however, has absolutely nothing to do with the issues in this case and it provides no support for the Defendants' absurd contention.  In ***Wang***, the defendant

---

[5] Indeed, a counterclaim for attorney's fees pursuant to 15 USC 1692k(a)(3) is impermissible in an FDCPA action.  ***Kuhn v. Account Control Tech., Inc***., 865 F. Supp. 1443 (D. Nev.1994).

asserted its own good faith as a defense to a Fair Labor Standards Act claim and the plaintiff then sought discovery on that claim of good faith.  Here, the Defendants are seeking to establish the bad faith of the Plaintiff's attorney (not the plaintiff himself) in bringing this action where no such claim or defense has been asserted in the their answer and in an effort to establish a claim they are not even permitted to pursue unless and until the complaint is first dismissed. In this regard, the Defendants claim that they "would be prejudiced by deferring this discovery." (Def. Memo p. 11)  There is no reason, however, why the Defendants would not be permitted to seek discovery relative to a 15 USC § 1692k(a)(3) bad faith claim *after* prevailing in this action by obtaining dismissal of the complaint on the merits.  *See, Martin v. Berke & Spielfogel*, 1995 WL 214453 (E.D. Pa. Apr. 4,1995). [After dismissal of FDCPA cause of action debt collector was allowed to conduct additional discovery on its bad faith claim against a commercial debtor pursuant to § 1692k(a)(3)].  Accordingly, the Defendants' feigned claim of prejudice must be rejected.

The discovery sought by the Defendants is well beyond the scope of discovery permitted in this action and the subpoena to the Plaintiff's attorney must therefore be quashed.

POINT II

**THE DEFENDANTS' ATTEMPT TO DISCOVER INFORMATION TO SUPPORT
A PURPORTED CLAIM FOR ATTORNEY'S FEES PURSUANT TO 15 USC §
1692K(A)(3) IS PREMATURE AS THERE AS BEEN NO DETERMINATION,
LET ALONE DISMISSAL, OF THE PLAINTIFF'S CLAIMS**

As set forth in the initial letter motion to the Court, the applicable

statute, 15 USC § 1692k(a)(3) provides,

> (3) ***On a finding by the court*** that an action under this section was
> brought in bad faith and for the purpose of harassment, the court may
> award to the defendant attorneys fees reasonable in relation to the work
> expended and costs.  (emphasis added)

As the Defendants concede, there has been no finding by the Court that

this action was brought in bad faith or for the purpose of harassment and indeed,

no such finding can be made unless and until the complaint is first dismissed on

the merits. ***Savino v. Computer Credit, Inc.,***164 F.3d 81 (2d Cir. 1998);

***Micare v. Foster & Garbus,*** 132 F. Supp. 2d 77 (NDNY 2001).

Thus, even if the Defendants were able to pursue a claim for bad faith

legal fees against the Plaintiff's attorney, there is no claim before the Court,

nor can there be such a claim, until ***after*** there has been a determination

on the merits of the action.

The subpoena must therefore be quashed because it seeks discovery

on an issue that is not, and may never be, before the Court.

### Point III

## AN AWARD OF ATTORNEY'S FEES UNDER 15 USC § 1692K(A)(3) CAN ONLY BE MADE AGAINST THE PLAINTIFF, NOT ITS ATTORNEY

The Defendants make no claim whatsoever that the Plaintiff was motivated by a bad faith desire to harass the Defendants, only that his attorney did. Instead, the Defendants' claim that the Plaintiff's attorney "intentionally withheld …information and documentation for the deliberate purpose of creating circumstances giving rise to and creating a predicate for the instant FDCPA action…" (Def. Memo p. 4)  As shown *infra*, this claim is fallacious because the Plaintiff's attorney was not even retained to represent him until well after the Defendants had already violated the FDCPA.

However, even if the Defendants' contention had any validity, it would still not permit a Court to award them attorney's fees under 15 USC §1692k(A)(3) because they can *only* be awarded against an unsuccessful plaintiff, and not his attorney. *Hyde v. Midland Credit Mgmt., Inc.,* 567 F.3d 1137 (9th Cir. 2009). ("Just as in the FCA, Congress in the FDCPA failed to indicate any intention to authorize the award of attorney's fees and costs against attorneys representing debtors. And just as we held in *Pfingston* that such awards were not authorized under the FCA, we so hold today   under the FDCPA", 567 F.3d at 1141).

Nor does the Defendants' suggestion that they have a *potential* FRCP 11 claim for monetary sanctions against the Plaintiff's attorney provide any basis for

the discovery they seek.  If and when the complaint is dismissed, on the merits, the Defendants are free to assert an FRCP 11 claim, as well as a claim for any other relief they believe they are entitled to.  Unless and until that happens however, there is no legal basis for their subpoena for testimony by the Plaintiff's attorney and it must be quashed.

Point IV

### THE DEFENDANTS HAVE NOT PROVIDED ANY FACTUAL OR LEGAL BASIS TO OVERCOME THE ATTORNEY-CLIENT PRIVILEGE NECESSARILY IMPLICATED BY A DEPOSITION OF THE PLAINTIFF'S ATTORNEY ON THE ISSUE OF WHY THE ACTION WAS BROUGHT

In any civil action a determination is necessarily made by the plaintiff, usually in consultation with his/her attorney, whether or not to commence the action.  Such consultations constitute communications protected by the attorney-client privilege and go the heart of the attorney-client relationship.  The Defendants have presented no valid reason why this Court should permit the breach of the confidential relationship between the Plaintiff and his attorney. Indeed, if the Defendants are permitted to proceed in this manner than presumably every civil defendant would be similarly permitted to conduct a pre-judgment inquiry of the motivations behind the filing of every action.  That result would not only eviscerate the attorney-client privilege, it would turn every civil litigation into an inquisition against every plaintiff's lawyer.  Taking it to its logical conclusion, every defendant's attorney who asserted a counterclaim on behalf of

their client would be open to a similar inquiry.  The Defendants' efforts in this

regard are absurd must be rejected by the Court and the subpoena quashed.

Point V

### THE PLAINTIFF HAS A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON HIS CLAIM THAT THE DEFENDANTS VIOLATED THE FDCPA, A STRICT LIABILITY STATUTE. THEREFORE THE DEFENDANTS WILL LIKELY NEVER BE PERMITTED TO PURSUE A CLAIM FOR BAD FAITH ATTORNEY'S FEES PURSUANT TO 15 USC § 1692K(a)(3)

The Defendants do not dispute that they issued a Three Day Rent Demand

to, followed by a Petition commencing a summary eviction proceeding against,

the Plaintiff based on what they now agree is a completely baseless factual

predicate.  Those documents falsely asserted that the Plaintiff owed back rent

and fuel charges for his rent controlled apartment and falsely threatened him with

eviction if he did not pay the claim.

The only substantive affirmative defense offered by the Defendants to their

issuance of collection demands they now concede were "erroneous" (Def. Memo

p. 3) is that they were mislead by their client and that the error "was not

intentional and resulted from a **bona fide** error notwithstanding reasonable

procedures adopted to avoid such error." (See Def. Answer, p. 8)

The FDCPA is a strict liability statute.  As a result, it is not necessary for

the Plaintiff to establish that the Defendants' intended to violate the law or that

they willfully did so. *Russell v. Equifax A.R.S.,* 74 F.3d 30 (2nd Cir. 1996);

*Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993).

As such, this action is likely to turn not on whether the Defendants violated the FDCPA but whether their conduct is excusable as the result of a *bona fide* error.  Whether or not the Defendants can establish their *bona fide* error defense is an issue that has yet to be determined.  Accordingly, if the Defendants prevail because their violation of the law is covered by a *bona fide* error defense such a finding will not, and cannot, under any scenario result in finding that the action was brought in bad faith.

In order to merit an award of bad faith attorney's fees the successful defendant must establish that there was not a legal or factual basis for any of the plaintiff's claims.  An action that is not "objectively baseless" presents a "fair ground for litigation," *Sorey v. Computer Credit, Inc.*, 2006 WL 1896401 (SDNY 2006)

## Conclusion

For the reasons set forth above, the Defendants' subpoena of the Plaintiff's attorney is entirely improper and must be quashed.

Dated: New York, NY
        February 7, 2013

Respectfully submitted,

JAMES B. FISHMAN (jbf 8998)
FISHMAN & MALLON, LLP
305 Broadway  Suite 900
New York, NY 10007
(212) 897 5840