```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
RAFAEL LEE,                             : 12 Civ. 4662 (BSJ) (JCF)
                                        :
              Plaintiff,                :      MEMORANDUM
                                        :      AND  ORDER
      - against -                       :
                                        :
KUCKER & BRUH, LLP and ALAN D.          :
KUCKER,                                 :
                                        :
              Defendants.               :
- - - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

James B. Fishman, counsel for plaintiff in this action, has moved pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure for an order quashing a subpoena served upon him by the defendants.[1]  The motion is granted.

Background

This is an action brought pursuant to the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 et seq.  The plaintiff, Rafael Lee, alleges that the law firm of Kucker & Bruh, LLP, and one of its partners, Alan D. Kucker, violated the FDCPA by issuing a statutory rent demand and then commencing a summary eviction proceeding against him for rent that was in fact not due and owing.  On January 14, 2013, the defendants subpoenaed Mr.

---

[1] The motion was submitted in the form of a letter dated January 21, 2013.

1

Fishman, seeking his deposition as well as production of his file from the underlying landlord-tenant action in which he had also represented Mr. Lee.  Mr. Fishman moved to quash the subpoena and for an extension of time to complete discovery.

In opposing the motion, the defendants argue that the discovery sought is relevant to the issue "of whether Mr. Fishman intentionally withheld the referenced information and documentation for the deliberate purpose of creating circumstances giving rise to and creating a predicate for the instant FDCPA action." (Defendant's [sic] Memorandum of Law (i) in Opposition to Plaintiff's Motion to Quash Subpoena of James B. Fishman, and (ii) to Compel Plaintiff to Answer Deposition Questions Regarding the Basis for the Commencement of the Instant Case ("Def. Memo.") at 4).  Specifically, the defendants maintain that Mr. Fishman intentionally withheld from them the information that his client was statutorily exempt from the rental charge for which they demanded payment, and that he did so in order to entrap them in an FDCPA violation.  (Def. Memo. at 3-5).

In their opposition papers, the defendants also include a request that the Court reopen the deposition of Mr. Lee and require him to respond to questions that Mr. Fishman directed him not to answer on the basis of the attorney-client privilege. (Def. Memo. at 11).  The questions at issue relate to information that Mr. Lee

received from Mr. Fishman that formed the basis for his complaint in this action.  (Deposition of Rafael Lee dated Jan. 22, 2013, excerpts attached to Def. Memo., at 63-69).

Discussion

    A. Deposition of Counsel

Although depositions of opposing counsel are by no means forbidden, In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 71-72 (2d Cir. 2003), they are disfavored, id. at 71 (citing United States v. Yonkers Board of Education, 946 F.2d 180, 185 (2d Cir. 1991)).  "[D]epositions of counsel, even if limited to relevant and non-privileged information, are likely to have a disruptive effect on the attorney-client relationship and on the litigation of the case."  United States Fidelity & Guaranty Co. v. Braspetro Oil Services Co., Nos. 97 Civ. 6124, 98 Civ. 3099, 2000 WL 1253262, at *2 (S.D.N.Y. Sept. 1, 2000).  Thus, courts seek to avoid "the disruption and misuse of the adversary process attendant on allowing a party to depose its adversary's litigation counsel."  Calvin Klein Trademark Trust v. Wachner, 124 F. Supp. 2d 207, 211 (S.D.N.Y. 2000).

In order to strike a balance between the legitimate need for information in discovery and the danger of allowing gamesmanship to sidetrack litigation, the Second Circuit has directed district courts to "consider[] all of the relevant facts and circumstances

to determine whether the proposed deposition would entail an inappropriate burden or hardship."  Friedman, 350 F.3d at 72. "Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted."  Id.

Where the proposed deponent has no first-hand knowledge of any issue in the case, no deposition is justified.  Bey v. City of New York, No. 99 Civ. 3873, 2007 WL 1893723, at *5 (S.D.N.Y. June 28, 2007) (rejecting deposition of counsel where they lacked knowledge of relevant information).  This is such a case.  The motivation of the plaintiff in bringing suit is irrelevant to an alleged violation by the defendants of the FDCPA.  See Piontek v. I.C. System, Civ. No. 1:08-1207, 2009 WL 1044596, at *1 (M.D. Pa. April 17, 2009); Phillips v. Amana Collection Services, Nos. 89-CV-11525, 90-CV-1495, 1992 WL 227839, at *7 (W.D.N.Y. Aug. 25, 1992).  Only if the defendants prevail on the merits does the plaintiff's motive become germane, since the defendants may then be entitled to an award of attorneys' fees if they can demonstrate that the action "was brought in bad faith and for the purpose of harassment."  15 U.S.C. § 1692k(a)(3); see Cunningham v. Credit Management, L.P., No. 3:09-CV-1497, 2010 WL 3791049, at *2 (N.D. Tex. Sept. 27,

2010); Campbell v. Credit Bureau Systems, Inc., 655 F. Supp. 2d 732, 743 (E.D. Ky. 2009).  Thus, at the very least, any deposition of Mr. Fishman in this case would be premature.

Moreover, even if the motives of the plaintiff and his counsel were relevant at this time, the defendants' theory is contradicted by the facts.  According to the defendants, Mr. Fishman "entrapped" them by withholding information about the plaintiff's rent exemption until after they had issued the rent demand that purportedly violated the FDCPA.  But Mr. Fishman was first retained and became aware of the plaintiff's legal issues after the defendants had issued the rent demand and instituted summary proceedings against the plaintiff.  (Declaration of James B. Fishman dated Feb. 7, 2013 ("Fishman Decl."), ¶ 5; Three Day Notice ("Rent Demand") dated March 15, 2012, attached as Exh. 1 to Fishman Decl.; Notice of Petition and Petition dated March 26, 2012, attached as Exh. 2 to Fishman Decl.;  New Client Matter Form dated April 4, 2012, attached as Exh. 3 to Fishman Decl.; Retainer Agreement dated April 3, 2012, attached as Exh. 4 to Fishman Decl.; Retainer Agreement dated April 4, 2012, attached as Exh. 5 to Fishman Decl.).  Thus, he could not have enticed them into acts they had already committed.  Mr. Fishman's motion to quash the subpoena served upon him is therefore granted.

B. <u>Deposition of the Plaintiff</u>

The defendants' request to reopen the deposition of the plaintiff is denied for the same reason that the deposition of Mr. Fishman is quashed: the information requested is irrelevant. Moreover, the questions that the defendants have propounded plainly impinge on the attorney-client privilege.

C. <u>Discovery Deadline</u>

At least two depositions remain to be taken. Accordingly, the deadline for completing discovery is extended to March 29, 2013, and the deadline for submitting the pretrial order or any dispositive motion is extended to April 30, 2013.

<u>Conclusion</u>

For the reasons discussed, the motion to quash the subpoena served on James B. Fishman is granted, the defendants' application to reopen the plaintiff's deposition is denied, all discovery shall be completed by March 29, 2013, and the pretrial order shall be submitted by April 30, 2013, unless any dispositive motion is filed by that date, in which case the pretrial order shall be submitted within thirty days after the motion is decided.

SO ORDERED.

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       February 25, 2013

Copies mailed this date:

James B. Fishman, Esq.
Fishman & Neil, LLP
305 Broadway Suite 900
New York, NY 10007

Abner T. Zelman, Esq.
Kucker & Bruh, LLP
747 Third Avenue
New York, NY 10017