# Kucker & Bruh, LLP
ATTORNEYS AT LAW

747 THIRD AVENUE
NEW YORK, NY 10017

212-869-5030
FAX 212-944-5818
www.kuckerandbruh.com

SAUL D. BRUH
ALAN D. KUCKER
PATRICK K. MUNSON
JAMES R. MARINO
NATIV WINIARSKY
ANDREW B. BITTENS†
WILLIAM D. HUMMELL
JOHN M. CHURNEFTSKY
CATHERINE A. HELWIG†
IVAN B. OKUN

BRANDON S. GRIBBEN†
TANYA M. OWENS
JONATHAN I. MANN

OF COUNSEL:
ABNER T. ZELMAN
ROBERT H. BERMAN
GREGG R. KURLANDER†

†ALSO ADMITTED IN N.J.

March 25, 2013

BY E-MAIL TO SchofieldNYSDChambers@nysd.uscourts.gov

Hon. Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: **12-cv-4662-LGS**, *Lee v. Kucker & Bruh LLP et ano.*, Request for Pre-Motion Conference

Dear Judge Schofield,

On behalf of the Defendants in the referenced case, pursuant to part IIIA of your Honor's Motion Rules and Procedures I respectfully request that a pre-motion conference be held to consider the following proposed motions:

- Defendants' proposed motion to object to the Memorandum and Order of Magistrate Judge Francis (the "Order"), a copy of which was enclosed with the letter of Plaintiff's counsel dated March 20, 2013. While pursuant to Part IIIA3 of your Rules such pre-motion conference ordinarily would not be required for a motion to object to a Magistrate Judge's ruling, we are requesting one because we seek leave to make such motion more than 14 days after the Order was issued. The reason for such delay was that Judge Barbara S. Jones, the District Judge to whom this case was originally assigned, had resigned from the bench in January, 2013 and thus there was no District Judge to whom such motion could have been made until this case was assigned to your Honor on March 11, 2013.

There are several bases for this proposed motion. First, one of the grounds for the holding of the Order stated at page 5 thereof, that "Mr. Fishman was first retained and became aware of the plaintiff's legal issues <u>after</u> the defendants had issued the rent demand and instituted summary proceedings against the plaintiff . . . [t]hus, *he could not have enticed them into acts they had already committed*" (underscored emphasis in original, italicized emphasis added), ignores the fact that the Plaintiff's complaint expressly alleges as FDCPA violations other acts that were in fact committed after Mr. Fishman was retained, and which were indeed induced by his act of withholding from Defendants critical information that was within his knowledge, as alleged by Defendants. Specifically, the Plaintiff's Complaint alleges at paragraphs 35 and 36 thereof that "On or about April 4, 2012 the plaintiff sent a letter to the defendants, pursuant to 15

2

USC 1692(g), disputing the validity of their claim. To date the defendants have failed and refused to provide correct and accurate verification of the debt," and at paragraph 53 thereof cites the alleged violation of section 1692(g) as one of the violations of the FDCPA allegedly committed by Defendants.[1]

Moreover, another holding of the Order, stated in the second paragraph of page 4 thereof, that "[t]he motivation of the plaintiff in bringing suit is irrelevant to an alleged violation by the defendants of the FDCPA," misapplies the relevant law to the facts of this case. It is not the Defendants' contention that it is simply the subjective motivation of the Plaintiff which warrants the deposition of Plaintiff's counsel, and the piercing of Plaintiff's attorney-client privilege in doing so. Rather, Defendants respectfully submit that they are entitled to discovery of the objective facts concerning the withholding from the Defendants by Plaintiff and/or his counsel of information regarding Plaintiff's SCRIE subsidy, thereby inducing an alleged FDCPA violation by the Defendants, and the concomitant knowledge of Plaintiff and/or his counsel of the groundlessness of the FDCPA action which they to date persist in prosecuting.

-- Defendants also propose to move pursuant to Fed. R. Civ. P. 45(e) for an order enforcing the compliance with Defendants' subpoenas to Mr. Paris Baldacci, the attorney initially retained by Plaintiff to respond to the rent demand which is the subject of the instant case, for information regarding Plaintiff's response to said demand. Mr. Baldacci has to date failed to comply with said subpoenas, and to respond to Defendants' last communication to him regarding same, a letter dated March 7, 2013, a copy of which is enclosed.

The Defendants' requested conference on the proposed motions will not burden the Court's calendar, as it may be conducted as part of the status conference which has been scheduled for April 2, 2013.

Very truly yours,

Abner T. Zelman

Cc: James B. Fishman, Esq. (by e-mail).

---

[1] Immediately upon being retained by Plaintiff on April 4, 2013, Mr. Fishman sent the referenced demand for verification pursuant to FDCPA section 1692(g) to Defendants by e-mail instead of simply notifying Defendants of their error in not applying Plaintiff's SCRIE subsidy, of which Defendants had no knowledge. The Defendants therefore responded by providing the same printout with erroneous rent information from their client that Defendants had previously relied upon in making the initial rent demand – which Plaintiff then alleged as an additional FDCPA violation.

# Kucker
# & Bruh, LLP
ATTORNEYS AT LAW

747 THIRD AVENUE
NEW YORK, NY 10017

212-869-5030
FAX 212-944-5818
www.kuckerandbruh.com

SAUL D. BRUH
ALAN D. KUCKER
PATRICK K. MUNSON
JAMES R. MARINO
NATIV WINIARSKY
ANDREW B. BITTENS†
WILLIAM D. HUMMELL
JOHN M. CHURNEFTSKY
CATHERINE A. HELWIG†
IVAN D. OKUN

BRANDON S. GRIBBEN†
TANYA M. OWENS
JONATHAN I. MANN

OF COUNSEL:
ABNER T. ZELMAN
ROBERT H. BERMAN
GREGG R. KURLANDER†

†ALSO ADMITTED IN N.J.

March 7, 2013

BY E-MAIL AND U.S. MAIL, FIRST CLASS, TO:

Paris R. Baldacci, Director, Housing Rights Clinic
Cardozo School of Law
55 Fifth Avenue, 11th Floor
New York, N.Y. 10003

Re: Lee v. Kucker & Bruh LLP et ano., 12 Civ. 4662 (BSJ)(JCF)

Dear Mr. Baldacci:

In response to your letter dated March 4, 2013, your understanding of the decision of Magistrate Judge Francis is incorrect to the extent that you contend that it precludes enforcement of the document demands set forth in defendants' subpoenas to you dated January 14, 2013 and February 13, 2013. Judge Francis' decision quashed the subpoena which sought to depose plaintiff's attorney on matters that would ordinarily be protected by attorney-client privilege, ruling that defendants had not set forth circumstances sufficient to warrant the piercing of such privilege at this stage of the case. This ruling would apply to defendants' subpoena ad testificandum to you only to the extent that it seeks at this time to examine you regarding matters protected by attorney-client privilege. However, said ruling does not apply to defendants' subpoenas directing you to produce your files and records, to the extent *not* privileged, of your representation of Mr. Lee, the plaintiff herein, in responding to the rent demands made by his landlord in October, 2011 and by the defendants in March, 2012. The plaintiff's contentions regarding said demands and responses have been alleged by the plaintiff in support of his claims in the complaint commencing this case, and otherwise set forth in testimony adduced and documents produced in this case, and thus the facts regarding them are unquestionably relevant and material to the issues at bar herein. Accordingly, your continued refusal to produce the documents sought in compliance with the subpoenas will warrant defendants' recourse to the judicial remedies available to enforce such compliance.

Very truly yours,

Abner T. Zelman

Cc: James A. Fishman, Esq. (by e-mail)