# FISHMAN & MALLON, LLP
### ATTORNEYS AT LAW

305 BROADWAY
SUITE 900
NEW YORK, NY 10007-1187

(212) 897-5840
Telecopier: (212) 897-5841
Web pages:
www.nyctenantslaw.com
www.consumeratty.net
www.MyFairCredit.com

James B. Fishman
ᐃKevin Mallon

*Susan K. Crumiller
†Jennifer M. Addonizio
Mika Dashman

ᐃAlso admitted in CA
*Also admitted in NJ
†Also admitted in MA

Laurence H. Pearson
Of Counsel

Rhode Al Khani
Office Manager

March 28, 2013

**Via Electronic Mail to**
**SchofieldNYSDChambers@NYSD.uscourts.gov**
Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Lee v. Kucker & Bruh etc.*
12 CIV 4662 (LGS)(JCF)

Dear Judge Schofield,

I represent the Plaintiff Rafael Lee.

I am writing with respect to the defendants' March 25 letter requesting a pre-motion conference regarding their proposed motion to object to Magistrate Judge Francis' February 25, 2013 order quashing a subpoena seeking my deposition, as well as a proposed motion to enforce a subpoena served upon Paris Baldacci, a non-party witness.

For the following reasons, both proposed motions are utterly baseless, if not outright frivolous. Judge Francis' order (copy attached) was issued following a General Pretrial reference by Judge Jones, dated August 23, 2012, and not in connection with a specific motion that required a Report and Recommendation. (copy attached) Thus, the defendants' attempt to now move to "object" to the order is inapposite. Instead, the defendants appear to actually be seeking reconsideration of the order, which is, in and of itself, untimely. Nor is there any basis for the defendants' claim that they were unable to seek relief from the order

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
March 28, 2013
Page two

Re: *Lee v. Kucker & Bruh etc.*
12 CIV 4662 (LGS)(JCF)

previously because of Judge Jones' retirement in January. According to the clerk's office, after her retirement Judge Jones' chambers remained staffed with a clerk to receive any motions for reassignment by the Chief Judge and there is no reason the defendants could not have sought relief from the order in a timely fashion.

Substantively, there is no legal basis for reconsideration of the order either. In order for this Court to grant reconsideration of Judge Francis' order it must be shown that it is "clearly erroneous or contrary to law." 28 USC § 636(b)(1)(A). The defendants cannot, under any circumstances, meet this heavy burden.

I am enclosing a copy of the plaintiffs' original letter motion to quash the subpoena seeking my testimony, as well as the defendants' opposition and the plaintiff's reply memorandum. The defendants' purpose in seeking my deposition (as well as the deposition of Mr. Baldacci) is an attempt to bolster a purported claim for attorney's fees pursuant to 15 USC § 1692k(a)(3). That section pertains to claims made by defendants in Fair Debt Collection Practices Act ("FDCPA") actions *after* securing dismissal of the complaint, based upon the claim that the action was brought in bad faith and to harass the defendant.

As Judge Francis held, not only did the defendants fail to show that anything I did caused them to violate the FDCPA, their purported 1692k(a)(3) claim is entirely premature as the complaint has not even been the subject of a motion to dismiss, let alone actually dismissed.

And, the defendants' latest strained attempt to find some factual basis for a 15 USC § 1692k(a)(3) claim is also specious. They now claim that I enticed them into committing a 15 USC § 1692g violation by "withholding from Defendants critical information that was within (my) knowledge…" because they failed to provide a correct and accurate verification of the alleged debt in response to my request. This contention is fallacious, for two reasons. First, on April 4, 2012 (the same day I demanded verification of the purported claim, pursuant to 15 USC§ 1692g) I served a written answer to the summary proceeding petition advising, *inter alia,* that the plaintiff had a Senior Citizen Rent Increase Exemption ("SCRIE") and therefore did not owe any rent to his

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
March 28, 2013
Page two

Re: *Lee v. Kucker & Bruh etc.*
12 CIV 4662 (LGS)(JCF)

landlord.  Second, the defendants could have easily contacted their own client upon receipt of the verification demand to determine that the plaintiff had a SCRIE.  The defendants failed to take this simple step and instead merely parroted the same erroneous information it mistakenly relied upon in the first place in responding the 1692g demand.  This failure to provide proper and accurate verification of the claim constitutes an independent violation of the FDCPA for which the defendants are solely responsible.  Nobody caused the defendants to violate the FDCPA other than themselves.

The subpoena issued to Mr. Baldacci merely seeks to obtain information about the same issue Judge Francis previously rejected.  If and when the defendants move to compel a response to that subpoena the plaintiff intends to cross-move to quash it.

The defendants have now forced the plaintiff to incur at least $10,000 in legal fees addressing their frivolous bad faith claim.  As the FDCPA provides statutory attorneys fees to a successful plaintiff (15 USC § 1692k) the defendants are put on notice that if and when the plaintiff prevails in this action he will seek to recover all legal fees incurred in this matter and that they should not be heard to complain at that juncture.

Finally, pursuant to the Court's rules, I request a pre-motion conference in advance of the plaintiff's motion for relief pursuant to FRCP 11 and 28 USC § 1927 in the event the defendants seek the relief sought in their letter.

Thank you for your attention to this matter.

Respectfully submitted,

JAMES B. FISHMAN

Encls.
cc: Abner T. Zelman (by email)