# Kucker & Bruh, LLP

ATTORNEYS AT LAW

747 THIRD AVENUE
NEW YORK, NY 10017

212-869-5030
FAX 212-944-5818
www.kuckerandbruh.com

| | |
|---|---|
| SAUL D. BRUH | BRANDON S. GRIBBEN† |
| ALAN D. KUCKER | TANYA M. OWENS |
| PATRICK K. MUNSON | JONATHAN I. MANN |
| JAMES R. MARINO | ——— |
| NATIV WINIARSKY | OF COUNSEL: |
| ANDREW B. BITTENS† | ABNER T. ZELMAN |
| WILLIAM D. HUMMELL | ROBERT H. BERMAN |
| JOHN M. CHURNEFTSKY | GREGG R. KURLANDER† |
| CATHERINE A. HELWIG† | |
| IVAN B. OKUN | |
| ——— | †ALSO ADMITTED IN N.J. |

March 28, 2013

BY E-MAIL TO SchofieldNYSDChambers@nysd.uscourts.gov

Hon. Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: 12-cv-4662-LGS, *Lee v. Kucker & Bruh LLP et ano.*, Request for Pre-Motion Conference

Dear Judge Schofield,

On behalf of the Defendants in the referenced case, I hereby respond to Plaintiff's counsel's March 28 letter regarding Defendants' request for a pre-motion conference.

Plaintiff's letter begins with a pointless – and incorrect – procedural quibble, asserting that because Magistrate Judge Francis was assigned by a General Pretrial Reference pursuant to 28 U.S.C. §636(b)(1)(A), Defendants should have denominated their requested relief as a reconsideration of, instead of an objection to, the order. However, Fed. R. Civ. P. 72(a) provides in relevant part that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must . . . issue a written order stating the decision. A party may serve and file *objections* to the order," which the District Judge should modify or set aside upon determining that it "is clearly erroneous or is contrary to law" (emphasis supplied). The Advisory Committee Notes to that section in turn provide in relevant part that "[t]his subdivision addresses court-ordered referrals of non-dispositive matters *under 28 U.S.C. §636(b)(1)(A)*" (emphasis supplied). Defendants have appropriately made their request for a pretrial conference with reference to and utilizing the terminology of the provisions of Fed. R. Civ. P. 72(a), and have not contended that the standard of review should be other than as provided thereby.

Plaintiff's next contention that Defendants should have submitted their requests for relief to Judge Jones' chambers to await reassignment is similarly pointless as the case was not actually reassigned until March 11, 2013, so that even if Defendants had done so, the matter would not have been considered any sooner than it is now.

2

Next, Plaintiff's letter misrepresents the facts and mischaracterizes the arguments of the Defendants' proposed motions. While Defendants' claims for the award of attorneys' fees pursuant to either 15 U.S.C. §1692k(a)(3) and/or Fed. R. Civ. P. 11 await the end of the case, the Defendants are entitled to obtain discovery on the issues of the Plaintiff's and his counsel's good faith which underlie such claims, and are inextricably intertwined with the merits of the case. The efficient utilization of judicial resources favors having all such discovery conducted in the initial discovery phase -- especially since the evidence obtained in such discovery could result in a more expeditious resolution of the case.

Plaintiff then misleadingly argues that because he allegedly served his answer in the Housing Court case on April 4, 2012, the same day that he sent his verification demand to Defendants, the Defendants should have been on notice that the rent demand was in error and thus should not have repeated the error in the verification. However, Plaintiff conveniently omits to inform the Court that the verification demand was made by e-mail and thus was received instantaneously on April 4, while the answer was not sent by e-mail, was apparently served by regular mail, and thus had not been received and reviewed when the verification was made.

Plaintiff also omits to inform the Court that immediately upon receipt and review of the answer the Defendants offered to discontinue the non-payment proceeding in Housing Court, but were precluded from doing so at the initial return date of the proceeding on April 13, 2012 by the Plaintiff's counsel's insistence upon conditioning such discontinuance upon payment of his fees in an amount in excess of what Defendants' client had initially authorized, requiring the adjournment of the matter to May 17, 2013, all of which is reflected on the transcripts of the adjourned hearing which were submitted by the Defendants to Magistrate Judge Francis in opposition to Plaintiff's motion to quash -- and which are enclosed herewith – but which were not included by the Plaintiff among the enclosures to his letter.

Finally, the Plaintiff groundlessly purports to "request a pre-motion conference in advance of the plaintiff's motion for relief pursuant to FRCP 11 and 28 USC §1927 in the event the defendants seek the relief sought in their letter." This request ignores the very purpose and function of the pre-motion conference requested by the Defendants, which is to obtain the Court's preliminary assessment of the merits of the proposed motions. If at such conference the Court finds the proposed motions to be lacking in merit, the motions will not be made. If, however, the Court determines at the conference that the Defendants state sufficient cause for the motions to proceed to be briefed and heard, the motions will be made and Plaintiff's threatened motions for sanctions will be precluded.

Given Plaintiff's repeated threats to seek sanctions against the Defendants, the Defendants are now constrained to assert that it is Plaintiff's conduct in commencing and prosecuting this patently meritless case which is the proper object of sanctions pursuant to Rule 11 and 28 USC §1927. The only conduct of the Defendants that is alleged to give rise to a violation of the FDCPA is making a rent demand and statutory verification containing erroneous information that was obtained from a business record provided to the Defendants by their client, the Plaintiff's landlord, and which was true and correct to the knowledge of the Defendants at the

time such demand and verification were made. These facts were well known to the Plaintiff's counsel from the outset of this case.  Moreover, as held by Judge Scheindlin in Stonehart v. Rosenthal, 2001 U.S. Dist. Lexis 11566 (S.D.N.Y. 2001):

> The only basis for a FDCPA claim against [defendant] is if he acted unscrupulously in collecting a debt, not that he verified a complaint which inaccurately stated the amount of the debt. The focus of the inquiry must be on [defendant's] conduct.
>
> To state a claim under 1692e(2) of the FDCPA, [plaintiff] must show that [defendant] knowingly misrepresented the amount of the debt when he verified the complaint. *Plaintiff's claim under the FDCPA must fail because she has not cited to any evidence that [defendant] knowingly and intentionally verified a complaint that was inaccurate. [Defendant] asserts that he relied on information provided to him by [his client] when he verified the complaint. A debt collector must be able to rely on representations from his client as to the amount of the debt. The FDCPA does not require debt collectors to conduct independent investigations of the information provided by clients when collecting a debt.*

(Citations omitted).

The above-cited holding in Stonehart, supra, is also well known to Plaintiff's counsel, since he was also the attorney for the plaintiff in that case. A copy of the Stonehart decision is also enclosed herewith.

Very truly yours,

Abner T. Zelman

Cc: James B. Fishman, Esq. (by e-mail).