Ex. B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL LEE,

Plaintiff,

-against-

KUCKER & BRUH, LLP and
ALAN D. KUCKER,

Defendants.

Docket No.

12 CIV 4662

JUDGE JONES

SUMMONS IN A CIVIL ACTION

To:   KUCKER & BRUH, LLP
      747 Third Avenue
      New York, NY 10017

      ALAN D. KUCKER
      Kucker & Bruh, LLLP
      747 Third Avenue
      New York, NY 10017



Plaintiff's
Exhibit  2
Karen Perlman
date:  7/21/13

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Fishman & Mallon, LLP
305 Broadway, Suite 900
New York, NY 10007

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

Date:  JUN 1 4 2012

Signature of Clerk or Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE JONES

RAFAEL LEE,

Plaintiff,

-against-

KUCKER & BRUH, LLP and
ALAN D. KUCKER,

Defendants.



12 CIV 4662

JUN 14 2012
U.S.D.C. S.D.N.Y.
CASHIERS

The plaintiff RAFAEL LEE (the "plaintiff" or "Mr. Lee") by his attorneys
Fishman & Mallon, LLP, as and for his complaint against the defendants
KUCKER & BRUH, LLP ("K&B") and ALAN D. KUCKER ("Kucker") (collectively,
the "defendants") alleges, upon information and belief, as follows:

## INTRODUCTION

1.     This is an action for actual and statutory damages based upon the
defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692,
*et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive,
deceptive, illegal and/or unfair collection practices.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) 28 U.S.C. §§
1331, 1337.

3.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.     The plaintiff is an adult individual residing in the City, County and State of New York.

5.     The plaintiff is a "consumer" as that term is defined by 15 USC § 1692a(3).

6.     K&B is a law firm that maintains its principal place of business at 747 Third Avenue, New York, NY 10017.  A principal business of K&B is the collection of debts allegedly in default by using the Mails and telephone, and it regularly attempts to collect such debts.

7.     K&B is a "debt collector" as that term is defined by 15 USC § 1692a(6).

8.     Kucker is an attorney duly admitted to practice law in the State of New York and is a partner in K&B.  Kucker maintains his place of business at K&B's offices.

9.     Kucker is a "debt collector" as that term is defined by 15 USC § 1692a(6).

## FACTUAL ALLEGATIONS

10.    The plaintiff is the tenant of the premises known as 810 West 183rd Street Apt. 3D, New York, NY (the "apartment").  The plaintiff has resided in the apartment since 1965.

11.    The plaintiff's tenancy in the apartment is governed by, and subject to, the New York City Rent and Evictions Regulations ("New York City Rent Control Law").

12.    The plaintiff is a "senior citizen" as that term is defined by the New York City Rent Control Law.  9 NYCRR § 2202.20(c)(4).

13.   The apartment is located in a building owned by Woodfin Realty Corp. ("Woodfin"), a domestic corporation, and managed by Mall Properties, Inc. located at 5500 New Albany Road East, New Albany, Ohio 43054 ("Mall").

14.   Since at least 1995, the plaintiff has been a recipient of a Senior Citizen Rent Increase Exemption ("SCRIE") pursuant to the provisions of the New York City Rent Control Law (N.Y.C. Admin. Code § 26-405[m][2]) which is administered by the New York City Department of Finance. ("NYC DOF")

15.   Under the SCRIE program, an eligible rent controlled tenant is only liable for a portion of the lawful rent controlled rent for their apartment while the landlord receives an abatement of its New York City real estate tax equal to the remaining portion.

16.   Pursuant to the relevant SCRIE provisions of the Rent Control Law, "no increase in maximum rent .... shall be collectible from a tenant to whom there has been issued a currently valid rent exemption order pursuant this subdivision..." N.Y.C. Admin. Code § 26-405(m)(1).

17.   Pursuant to NYC Rent Control Law (9 NYCRR) § 2202.13(g) the plaintiff has no legal obligation to pay any fuel charges for his apartment and the landlord has no legal right to seek such charges from the plaintiff.

18.   Each year that the plaintiff has received a SCRIE the NYC DOF has issued an order setting forth his share of the monthly rent for the apartment.

19.   Both Woodfin and Mall have, and have long had, actual notice of the plaintiff's participation in the SCRIE program as well as the maximum amount of

3

monthly rent he is obligated to pay for the apartment as a result of his SCRIE award.

20.   Pursuant to the most recent order of the NYC DOF, dated January 3, 2012, the legal rent for the subject premises is $790.30 and the plaintiff's share of that amount, as a result of his SCRIE award, is $400.72.

21.   On or about October 18, 2011 Mall issued a written notice to the plaintiff demanding payment of rent and certain fuel charges that the plaintiff did not owe as a result of his SCRIE.

22.   The notice further advised the plaintiff that if he failed to pay such amounts an eviction proceeding would be commenced against him.

23.   On or about November 1, 2011 an attorney for the plaintiff sent a letter to Mall, supported by documentary evidence, establishing that the plaintiff did not in fact owe the charges set forth in Mall's notice.

24.   On or about November 30, 2012, Mall acknowledged that the charges set forth in the October 18 notice were not in fact due and owing by the plaintiff and sent a letter to the plaintiff's attorney advising that it had "made the necessary adjustment per the documentation you provided. These changes will be reflected on the January 2012 rent statement. Thank you for sending me this information so I could correct [the plaintiff's] account."

25.   On or about March 6, 2012 Woodlin received a check for the plaintiff's share of the March 2012 rent, in the amount of $490.72, and negotiated it on or about March 7, 2012.

26.     On or about March 15, 2012, K&B issued a rent demand (the "demand") to the plaintiff on behalf of Woodfin alleging that the plaintiff owed rent for the subject premises in the amount of $1,125.23 consisting of "March Rent" in the amount of $790.30, plus "fuel" charges in the amount of $38.07 per month for the period August 2011 to March 2012.

27.     Kucker signed the demand.

28.     The demand described K&B as "a debt collector" and that it was being issued as "an attempt to collect a debt."

29.     The demand further alleged that if the plaintiff failed to pay the amount demanded "the landlord will commence summary proceedings (sic) against you to recover possession of the premises." The plaintiff's share of the rent for the apartment was timely paid, each and every month, up through and including March 2012.

30.     The March 15, 2012 rent demand issued by the defendants alleged that the plaintiff owed a debt to Woodfin that he did not in fact owe.

31.     On or about March 26, 2012 the defendants commenced a summary non-payment eviction proceeding against the plaintiff in the New York City Housing Court (*Woodfin Realty Corp., v. Lee*, Index No. L&T 060394/12) (the "summary proceeding") based entirely upon the allegations set forth in the March 15, 2012 rent demand.

32.     Kucker verified the truth of the allegations of the petition in the summary proceeding.

5

33.   Attached to the petition in the summary proceeding was a statement, signed by Kucker, that after making a "reasonable inquiry . . . the contentions contained in the annexed document are not frivolous."

34.   The defendants further alleged in the summary proceeding that Woodfin was entitled to a judgment of possession and a warrant of eviction removing the plaintiff from his apartment of 47 years.

35.   On or about April 4, 2012 the plaintiff sent a letter to the defendants, pursuant to 15 USC 1692(g), disputing the validity of their claim.

36.   To date the defendants have failed and refused to provide correct and accurate verification of the debt.

37.   On or before April 4, 2012 the plaintiff served a written answer to the petition in the summary proceeding expressly denying that he owed any sum to Woodfin and that his SCRIE barred its claim for the rent and other charges sought in that proceeding.

38.   The plaintiff's written answer also contained a counterclaim for legal fees pursuant to the terms of his written lease for the subject premises and New York Real Property Law § 234.

39.   The rent claimed in the demand and in the summary proceeding arose out of a transaction that was primarily for personal, family or household purposes.

40.   On May 17, 2012 K&B advised the New York City Housing Court that Woodfin wished to discontinue the summary proceeding, expressly conceding that the plaintiff did not owe the rent or other charges set forth in the petition and that the proceeding had no legal or factual basis.

41. On or about May 17, 2012 the New York City Housing Court issued an order granting K&B's application to discontinue the summary proceeding upon the condition that the defendants pay attorney's fees to the plaintiff for defending the summary proceeding, totaling $1,500.00.

42. By issuing the demand and the petition in the summary proceeding demanding payment of rent that was not in fact due and owing and by failing and refusing to provide an accurate verification of the landlord's claim in response to the plaintiff's demand, the defendants acted in a false, deceptive, misleading and unfair manner, the natural consequence of which was to harass, oppress, or abuse the plaintiff in connection with the collection of a debt.

43. By issuing the demand and the petition in the summary proceeding demanding payment of rent that was not in fact due and owing, defendants acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

44. By issuing the demand and the petition in the summary proceeding demanding payment of rent that was not in fact due and owing, the defendants acted in a false, deceptive, misleading and unfair manner by taking an action that could not legally be taken for the purpose of coercing the plaintiff to pay an alleged debt that was not in fact due and owing.

45. By issuing the demand and the petition in the summary proceeding demanding payment of rent that was not in fact due and owing, the defendants acted in a false, deceptive, misleading and unfair manner when they used false representations and deceptive means to collect or attempt to collect a debt.

7

46.     At all times pertinent hereto, K&B was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the defendants.

47.     At all times pertinent hereto, the conduct of the defendants as well as their agents, servants and/or employees, was knowing, willful, reckless, and/or negligent and in wanton disregard for federal law and the rights of the plaintiff herein.

48.     As a result of defendants' conduct, the plaintiff has sustained actual damages, including, but not limited to, emotional and mental pain and anguish, embarrassment and humiliation and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## FIRST CAUSE OF ACTION

49.     The plaintiff repeats and realleges the foregoing paragraphs as though the same were set forth at length herein.

50.     The defendants are "debt collector(s)" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

51.     The plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

52.     The written communications issued by the defendant to the plaintiff are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

53.    The defendants violated the FDCPA.  The defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10), 1692f and 1692g as evidenced by the following conduct:

a.    Engaging in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt;

b.    Falsely representing the amount, character or legal status of the debt;

c.    Taking any action that cannot legally be taken for the purpose of coercing the plaintiff to pay the debt;

d.    Failing and refusing to provide accurate verification of the alleged debt in response to the plaintiff's demand.

54.    The defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for the plaintiff's rights under the law and with the purpose of coercing him to pay the alleged debt.

55.    As a result of the above violations of the FDCPA, the plaintiff is entitled to a judgment against the defendants for his actual and statutory damages in an amount to be determined by the trier of fact.

56.    In addition, the plaintiff is entitled to an award of his reasonable attorney's fees pursuant to the FDCPA.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, on the claim set forth above for actual and statutory damages in an amount to be determined by the trier of fact and the lawful interest thereon,

9

together with costs and statutory attorney's fees and such other relief as may be

just.

JURY DEMAND

Plaintiff respectfully demands a trial by jury.

Dated:     New York, New York
           June 12, 2012

Respectfully Submitted,

JAMES B. FISHMAN (JBF-8998)
FISHMAN & MALLON, LLP
305 Broadway
Suite 900
New York, NY 10007
(212) 897-5840
Attorneys for the Plaintiff

FISHMAN & MALLON, LLP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket No.

RAFAEL LEE,

Plaintiff,

-against-

KUCKER & BRUH, LLP and ALAN D. KUCKER,

Defendants.

## SUMMONS AND COMPLAINT

FISHMAN & MALLON, LLP
ATTORNEYS AT LAW
Plaintiff
*Attorney(s) for*
305 BROADWAY – SUITE 900
NEW YORK, NEW YORK 10007
(212) 897-5840

Signature (Rule 130-1.1-a)

Print name beneath

To

Service of a copy of the within is hereby admitted.

Dated: ...................................    .........