UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL LEE,                                      Docket No. 12 CV 4662
                                                 (LBS)
                          Plaintiff,

        -against-

KUCKER & BRUH, LLP and
ALAN D. KUCKER,

                          Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT PURSUANT TO LOCAL CIVIL RULE 56.1 OF MATERIAL FACTS AS TO WHICH THERE ARE NO TRIABLE ISSUES

Defendants Kucker & Bruh, LLP ("K&B") and Alan D. Kucker, Esq. ("Kucker") (together, the "Defendants") by their undersigned attorneys Kucker & Bruh, LLP, respectfully submit this response ("Defendants' Rule 56.1 Response") to Plaintiff's Statement Pursuant to Local Civil Rule 56.1 ("Plaintiff's Statement"), and in further support of the Defendants' motion for summary judgment (the "Defendants' Motion"). Unless otherwise specified, all capitalized terms are defined as in the Defendants' Rule 56.1 Statement, and the Declarations of Alan D. Kucker and Abner T. Zelman that were submitted together therewith, in support of the Defendants' Motion:

**Plaintiff's Statement:**

1.  The plaintiff is an 82 year old man who has resided at 810 West 183rd Street,

    Apartment 3D, New York, NY (the "subject apartment") since 1965. (See complaint,

    Exhibit A, ¶ 10; Deposition of Rafael Lee, Exhibit B, p. 10)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Memorandum of Law in Support of Defendants' Motion for Summary Judgment, filed

May 16, 2013 (the "Defendants' Moving Brief") and the Defendants' Memorandum of Law in Opposition to the Plaintiff's Motion for Summary Judgment filed and submitted herewith (the "Defendants' Opposition Brief"), this Statement is neither material nor relevant to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

2. The plaintiff's tenancy at the subject apartment is governed by the New York City Rent Control Law. (Ex. A, ¶ 11)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

3. The plaintiff's landlord is Woodfin Properties, Inc. ("Woodfin"). (Ex. A, ¶ 13; lease agreement, Exhibit C)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

4. Mall Properties, Inc. ("MPI") is the managing agent for Woodfin at the subject apartment and the building in which it is located. (Exhibit A, ¶ 13)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

5.  Since at least 1995 the plaintiff has had a Senior Citizen Rent Increase Exemption ("SCRIE") issued by the New York City Department of Finance.  (Exhibit A, ¶ 14; SCRIE certificate, Exhibit E).

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

6.  The SCRIE program provides a rent subsidy to low income, elderly rent controlled or rent stabilized tenants whose income is below a statutory threshold.

Defendants' Response:

This Statement is a statement of law, not a statement of material fact that is required to be either admitted or controverted herein. Nonetheless, the Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

> 7.  Under the program, eligible rent controlled and rent stabilized tenants are legally
>     liable to pay only a portion of their lawful rent while the landlord receives a real
>     estate tax abatement equal to the balance.

Defendants' Response:

This Statement is a statement of law, not a statement of material fact that is required to be either admitted or controverted herein. Nonetheless, the Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

> 8.  It is illegal for landlords to collect any amount from a tenant for rent or other charges
>     (including fuel charges) beyond the amount permitted under the SCRIE program.
>     New York City Admin. Code § 26-608.

Defendants' Response:

This Statement is a statement of law, not a statement of material fact that is required to be either admitted or controverted herein. Nonetheless, the Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

> 9.  The defendants began representing MPI in non-payment of rent cases in January
>     2012. (Exhibit H, p. 47)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

10. In March 2012 the current legally collectable monthly rent controlled rent for the plaintiff's apartment was $790.30.

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

11. Since at least 1995, the plaintiff's SCRIE eligibility order fixed his monthly rent obligation at $400.72. (Ex. E; SCRIE renewal, Exhibit F)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

12. Each month, since at least 2003 that amount has been paid to MPI, on Woodfin's

behalf, on or about the first of each month, by The Isaac H. Tuttle Fund, a private

social service agency that provides social services assistance to elderly tenants such

as the plaintiff. (Tuttle letter with March 2012 check, Exhibit G; Exhibit B, p. 15)

Defendants' Response:

The Defendants do not controvert this Statement, but state that the cited exhibits do not

support the assertion that the Tuttle Fund has paid the Plaintiff's rent "each month" "since at

least 2003," and that, for the reasons set forth in the Defendants' Moving Brief and Defendants'

Opposition Brief, this Statement is neither material nor relevant to the alleged liability of the

Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

13. The defendant Kucker & Bruh, LLP ("K&B") is a law firm that primarily represents

landlords in New York City. (Exhibit H, p. 15)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth

in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither

material nor relevant to the alleged liability of the Defendants for the claims asserted by the

Plaintiff in this action.

**Plaintiff's Statement:**

14. K&B commences numerous proceedings in the New York City Housing Court on

behalf of its landlord clients against residential tenants alleging non-payment of rent.

(Ex. H, p. 17)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth

6

in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

15. K&B and Kucker are "debt collectors," as defined by the FDCPA. (15 USC § 1692a(6)) ***Dowling v. Kucker Kraus & Bruh, LLP; Kucker & Bruh, LLP; and Alan D. Kucker,*** 2005 U.S. Dist. LEXIS 11000 (SDNY 2005); (Exhibit H, p. 25)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the defenses asserted in the Defendants' Motion to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

16. The plaintiff is a "consumer" within the meaning of the FDCPA.

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the defenses asserted in the Defendants' Motion to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

17. The claim asserted against the plaintiff by the defendants is a "debt" within the meaning of the FDCPA.

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the defenses asserted in the Defendants' Motion to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

18. On or about March 1, 2012 the plaintiff's March 2012 rent, in the amount of $490.72 was paid to MPI by the Tuttle Fund. That check was negotiated by MPI at that time. (Exhibit G)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

19. On March 15, 2012, K&B, on MPI's behalf, issued a statutory rent demand (the "demand") to the plaintiff demanding payment of $1125.23 consisting of March 2012 rent and various fuel charges. (Exhibit I)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the defenses asserted in the Defendants' Motion to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action. The Defendants further state

that the Statement omits the material uncontroverted facts that the MPI delinquency ledger regarding the account of the Plaintiff showing an overdue balance in the amount of $1,125.23 due and owing on said account, titled "Aged Delinquency Report," dated March 14, 2012 (the "MPI Delinquency Report," a copy of which is annexed to the Zelman Declaration as Exhibit E), was transmitted by MPI to K&B on or about March 14, 2012 by e-mail. Prior to that date, K&B had no prior involvement in, or knowledge of, the Plaintiff or the premises at which he lived, and thus as of March, 2012 knew only the information contained in the MPI Delinquency Report – which contained no information about the Plaintiff's age, status, rental history, or the fact that the Plaintiff was the recipient of a rent subsidy under the City of New York's Senior Citizen's Rent Increase Exemption ("SCRIE") program. The MPI Delinquency Report was then duly forwarded for the preparation of a Three Day Notice by the legal assistant who was tasked with preparing the non-payment proceedings, who at that time was Barbara McKenzie. Accordingly, a Three Day Notice dated March 15, 2012, demanding payment of the overdue balance set forth in the MPI Delinquency Report (the "K&B Demand," a copy of which is annexed to the Zelman Declaration as Exhibit G) was prepared and served upon the Plaintiff by process server on March 19, 2012. Lopez Tr. 55-69, Ex 3; Zelman Decl., Exs. D, E.; Transcript of Deposition of Alan D. Kucker ("Kucker Tr.," a copy of which is annexed to the Zelman Declaration as Exhibit F), 45-47; Zelman Decl. Ex. F; Kucker Tr. 45-72, Zelman Decl. Exs. F, G, H, I.

**Plaintiff's Statement:**

20. The demand was signed by Kucker. (Exhibit I)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither

material nor relevant to the defenses asserted in the Defendants' Motion to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

21. The demand was one of 19 that Kucker had signed that day involving MPI tenants.

(Exhibit H, supplemental material, p. 2)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

22. The demand threatened the plaintiff with the commencement of eviction proceedings if the amount demanded was not paid in three days. (Exhibit I)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the defenses asserted in the Defendants' Motion to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

23. Before K&B issued the demand it received a document from MPI which showed that it credited a payment of $490.72 to the plaintiff on March 6, 2012.

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth

in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

> 24. The defendants made no effort to determine from MPI or anyone else how the March 6, 2012 payment had been applied or whether it constituted payment of the plaintiff's March 2012 rent obligation. (Exhibit H, pp. 60-61)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the defenses asserted in the Defendants' Motion to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action. The Defendants further state that the Statement omits the material uncontroverted facts that the MPI delinquency ledger regarding the account of the Plaintiff showing an overdue balance in the amount of $1,125.23 due and owing on said account, titled "Aged Delinquency Report," dated March 14, 2012 (the "MPI Delinquency Report," a copy of which is annexed to the Zelman Declaration as Exhibit E), was transmitted by MPI to K&B on or about March 14, 2012 by e-mail. Prior to that date, K&B had no prior involvement in, or knowledge of, the Plaintiff or the premises at which he lived, and thus as of March, 2012 knew only the information contained in the MPI Delinquency Report – which contained no information about the Plaintiff's age, status, rental history, or the fact that the Plaintiff was the recipient of a rent subsidy under the City of New York's Senior Citizen's Rent Increase Exemption ("SCRIE") program. The MPI Delinquency Report was then duly forwarded for the preparation of a Three Day Notice by the legal assistant who was tasked with preparing the non-

payment proceedings, who at that time was Barbara McKenzie. Accordingly, a Three Day Notice dated March 15, 2012, demanding payment of the overdue balance set forth in the MPI Delinquency Report (the "K&B Demand," a copy of which is annexed to the Zelman Declaration as Exhibit G) was prepared and served upon the Plaintiff by process server on March 19, 2012. Lopez Tr. 55-69, Ex 3; Zelman Decl., Exs. D, E.; Transcript of Deposition of Alan D. Kucker ("Kucker Tr.," a copy of which is annexed to the Zelman Declaration as Exhibit F), 45-47; Zelman Decl. Ex. F; Kucker Tr. 45-72, Zelman Decl. Exs. F, G, H, I.

**Plaintiff's Statement:**

> 25. The defendants contend that they have no any obligation to confirm the accuracy of rent claims submitted to them by their clients before commencing a summary eviction proceeding.  (Exhibit H, pp. 100-102)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the defenses asserted in the Defendants' Motion to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.  The Defendants further state that the Statement omits the material uncontroverted facts that the Defendants fulfill their obligations under the FDCPA by confirming that the amount being demanded is what the creditor is claiming is owed by relying upon a written statement or printout prepared from the client's regularly maintained business records in preparing the statutory Three Day Demand for rent, and then confirming with the client that the amount demanded remains unpaid before commencing a summary eviction proceeding, which procedure was followed in this case.  Kucker Tr. 35-44; Zelman Decl. Ex. F; Kucker Tr. 45-72, Zelman Decl. Exs. F, G, H, I; Kucker Tr. 84-89,

Ex. 8; Zelman Decl. Exs. C, F, J, K.

**Plaintiff's Statement:**

26. On March 26, 2012 the defendants commenced a summary eviction proceeding

against the plaintiff in the New York City Housing Court alleging non-payment of the

$1125.23 set forth in the demand. (***Woodfin Realty v. Lee,*** Index No. L&T

60394/12) (the 2012 summary proceeding) (Exhibit J)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth

in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither

material nor relevant to the defenses asserted in the Defendants' Motion to the alleged liability of

the Defendants for the claims asserted by the Plaintiff in this action. The Defendants further state

that the Statement omits the material uncontroverted facts that after three days had passed from

the service of the K&B Demand, K&B requested MPI to confirm whether the demanded amount

had been paid.  In response, MPI forwarded to K&B a one-page printout of dated March 23, 2012

titled "Legal Detail Report" bearing the notation "Emailed Barbara to process on 3/14/12" (the

"MPI Legal Detail Report," a copy of which is annexed to the Zelman Declaration as Exhibit H),

which showed that not only was the overdue amount of $1,125.23 still unpaid, but had in fact

increased by the amount of $400.72, to $1,525.95 as of March 23, 2012.  Accordingly, a Notice of

Petition and Petition dated March 26, 2012 (the "L&T Petition," a copy of which is annexed to the

Zelman Declaration as Exhibit I), commencing a summary non-payment proceeding in Housing

Court against the Plaintiff titled Woodfin Realty Corp. v. Lee, bearing L&T Index No. 060294/12

(the "L&T Proceeding"), to recover the amount set forth in the K&B Demand (as such non-payment

proceeding is legally limited to recover the amount sought by the Three Day Notice, and thus could

not seek the greater amount due reflected by the MPI Legal Detail Report) was prepared by K&B and served upon the Plaintiff by process server on April 2, 2012. Kucker Tr. 45-72, Zelman Decl. Exs. F, G, H, I.

**Plaintiff's Statement:**

27. In connection with that proceeding, Kucker verified the truth of the allegations of the petition. (Exhibit J, p. 6)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the defenses asserted in the Defendants' Motion to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

**Plaintiff's Statement:**

28. In that proceeding Kucker confirmed, pursuant to the New York Uniform Court Rules (NYCRR) Part 130 that he conducted a "reasonable inquiry" before commencing the proceeding and that the contentions in the petition "are not frivolous." (Exhibit J, p. 2)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the defenses asserted in the Defendants' Motion to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.

14

**Plaintiff's Statement:**

    29. On April 4, 2012 the plaintiff retained counsel to represent him in connection with the

        non-payment proceeding.  (February 25, 2013 decision and order of Magistrate Judge

        Francis)

Defendants' Response:

    The Defendants do not controvert this Statement, but state that, for the reasons set forth

in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither

material nor relevant to the alleged liability of the Defendants for the claims asserted by the

Plaintiff in this action.

**Plaintiff's Statement:**

    30. On April 4, 2012 the plaintiff's attorney sent a letter to the defendants pursuant to the

        FDCPA (15 USC § 1692g) disputing the validity of the debt and demanding

        verification of it.  (Exhibit K)

Defendants' Response:

        The Defendants do not controvert this Statement, but state that, for the reasons set

forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is

neither material nor relevant to the defenses asserted in the Defendants' Motion to the alleged

liability of the Defendants for the claims asserted by the Plaintiff in this action. The Defendants

further state that the Statement omits the material uncontroverted facts that the letter referred to

in the Statement was sent by e-mail to Alan Kucker at 6:47 p.m. on April 4, 2012 which in relevant

part stated only that "I am writing with respect to your March 15, 2012 'Three Day Rent Demand'

issued to my client. Please be advised that my client disputes the validity of the claim set forth in the

notice and, pursuant to 15 USC §1692g, demands that you provide verification of the claim within

the time required by law," and provided no further detail of the nature of the dispute. The supposed

urgency and immediacy of the response elicited was emphasized by Mr. Fishman's subsequent e-

mail at 9:00 p.m. the same evening – just a little over two (2) hours later – that stated simply "Please

respond to my letter." Kucker Tr. 84-89, Ex. 8; Zelman Decl. Exs. C, F, J, K.

**Plaintiff's Statement:**

31. On April 4, 2012, the plaintiff's attorney sent to K&B a written verified answer to the

    eviction proceeding asserting, ***inter alia***, that the plaintiff's March 2012 had already

    been paid, that he had a valid SCRIE and was therefore not liable for any of the rent

    or fuel charges sought in the petition. (Exhibit L)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth

in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither

material nor relevant to the defenses asserted in the Defendants' Motion to the alleged liability of

the Defendants for the claims asserted by the Plaintiff in this action. The Defendants further

state that the Statement omits the material uncontroverted facts that the verified answer referred

to in the Statement was sent by regular mail. Kucker Tr. 89; Zelman Decl. Exs. C, F, L.

**Plaintiff's Statement:**

32. On April 6, 2012 the defendants responded to the plaintiff's demand for verification

    by sending a printout from MPI which reflected the plaintiff's March 6, 2012

    payment of $400.72 but erroneously claimed that the plaintiff owed $1125.23.

    (Exhibit M)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth

in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the defenses asserted in the Defendants' Motion to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.  The Defendants further state that the Statement omits the material uncontroverted facts that the Defendants' response referred to in the Statement was sent only after the Defendants confirmed that they had received no information regarding the amounts that MPI alleged to be owed by the Plaintiff that contradicted the information twice provided by MPI in both the MPI Delinquency Report and the MPI Legal Detail Report.  Kucker Tr. 84-89, Ex. 8; Zelman Decl. Exs. C, F, J, K.

**Plaintiff's Statement:**

33. Following receipt of the plaintiff's answer to the petition in the 2012 summary proceeding, which expressly advised that he had a SCRIE and therefore owed nothing to his landlord, the defendants failed to issue an amended response to the plaintiff's demand for verification of the debt acknowledging that he did not owe any sum whatsoever to his landlord.

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief -- particularly that as a matter of law no response, let alone an "amended response," to a demand for verification is required pursuant to the FDCPA as long as collection efforts cease -- this Statement is neither material nor relevant to the defenses asserted in the Defendants' Motion to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action.  The Defendants further state that the Statement omits the material uncontroverted facts that upon being apprised of the Plaintiff's alleged SCRIE status, K&B immediately advised MPI and requested that MPI ascertain

and confirm the true facts regarding this claim. MPI shortly responded that the Plaintiff was indeed receiving a SCRIE subsidy, which when properly applied resulted in the Plaintiff having no unpaid past due amount owed. Accordingly, K&B sought to discontinue the case. As issue had already been joined, such discontinuance could not be unilateral by K&B but had to be pursuant to stipulation with opposing counsel, or by court order. Therefore, in court on April 13, 2012, the initial return date of the L&T Proceeding, the K&B attorney assigned to the L&T Proceeding, Gregg Kurlander, offered to discontinue said proceeding with prejudice. That offer was rejected by Plaintiff's counsel, Mr. Fishman, who conditioned his consent to such discontinuance upon the payment to him of his alleged legal fees in the amount of $1,500.00, which K&B was not authorized by MPI to agree to. As the parties could not agree upon such terms, the L&T Proceeding was adjourned to May 17, 2012, with the intent that a stipulation of discontinuance would be agreed upon and entered into in the interim. Kucker Tr. 90-94; Zelman Decl. Exs. F, N.

**Plaintiff's Statement:**

34. In April, 2012, the defendants offered to discontinue the eviction proceeding, ***without prejudice,*** which would have permitted the commencement of a new proceeding, for the same rent.

Defendants' Response:

This Statement fails to cite any admissible evidence in support as required pursuant to Fed. R. Civ. P. 56(c) and Local Civil Rule 56.1(d) and therefore should be disregarded. This Statement is also false but even if it were true, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the defenses asserted in the Defendants' Motion to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action. The Defendants further state that the Statement

omits the material uncontroverted facts that after the L&T Proceeding was adjourned to May 17, 2012, K&B subsequently offered on behalf of MPI to pay Plaintiff's counsel $500.00 in settlement of the Plaintiff's counterclaim in the L&T Proceeding, which offer was set forth in an Offer to Compromise Pursuant to C.P.L.R. §3221 dated May 4, 2012, transmitted to counsel with a cover letter dated May 7, 2012, by which the Plaintiff would be obligated to pay the costs incurred in the proceeding if he rejected the offer, and subsequently was awarded less than the offered amount on his counterclaim (the "Offer to Compromise," a copy of which is annexed to the Zelman Declaration as Exhibit N). The covering correspondence transmitted with the Offer to Compromise explained that if the offer were not accepted, K&B would apply pursuant to C.P.L.R. §3217(b) for discontinuance on terms imposed by the court, and if the court awarded Plaintiff less than the offered amount, K&B would seek the costs incurred from the time of the offer pursuant to C.P.L.R. §3221. Zelman Decl. Ex. N; Kucker Tr. 107-110 as corrected by Errata, Declaration of Abner T. Zelman in Opposition to Plaintiff's Motion for Summary Judgment ("Zelman Opp. Decl.") Ex. R.

**Plaintiff's Statement:**

35. In response, the plaintiff demanded that the proceeding be discontinued, *with prejudice* and that the petitioner landlord pay the plaintiff's legal fees, in the amount of $1500.00. (Exhibit Q)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the defenses asserted in the Defendants' Motion to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action. The Defendants further state that the Statement omits the material uncontroverted facts that Plaintiff's counsel rejected

19

the Offer to Compromise and persisted in his demand for $1,500.00 so that the L&T Proceeding could not be consensually discontinued, and therefore the case was called again in Housing Court at the calendar call on the morning of the adjourned date of May 17, 2012. Zelman Decl. Exs. N, O, P; Zelman Opp. Decl. Ex. R.

**Plaintiff's Statement:**

> 36. On May 17, 2012 the proceeding was sent to Judge Laurie Lau, for trial. Rather than proceed to trial the petitioner made an application to discontinue the proceeding. That application was granted upon the condition that the petitioner pay the plaintiff's legal fees, in the amount of $1500.00. (Exhibit R)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the defenses asserted in the Defendants' Motion to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action. The Defendants further state that the Statement omits the material uncontroverted facts that at the morning calendar call on May 17, 2012 before Housing Court Judge John Stanley (the "Stanley Hearing," a copy of the transcript of which is annexed to the Zelman Declaration as Exhibit O), the K&B attorney appearing on the case, Ivan Okun, orally applied for a court-ordered discontinuance pursuant to C.P.L.R. §3217(b) which Judge Stanley denied, and ordered the case to a trial part. At the afternoon hearing on the same day, May 17, 2012, before trial part Judge Laurie Lau (the "Lau Hearing," a copy of the transcript of which is annexed to the Zelman Declaration as Exhibit P), Mr. Okun again applied for a court-ordered discontinuance pursuant to C.P.L.R. §3217(b) which Judge Lau stated that she was inclined to grant conditioned upon the award to the Plaintiff of $1,500.00, but that said award might

be effectuated by MPI applying it against the Plaintiff's future rent, and reserved decision which she stated would be forthcoming. Judge Lau subsequently issued her written order, dated May 17, 2012 (the "L&T Discontinuance Order," a copy of which is annexed to the Zelman Declaration as Exhibit Q), which stated in relevant part that "Petitioner's application to discontinue their non-payment proceeding is granted on condition that petitioner pays respondent $1500.00 to be paid as follows: 1.) $750.00 credited to future rents accruing commencing June 2012 and 2.) $750.00 paid to respondent with its delivery to respondent's attorney by petitioner's attorney." It is undisputed that the terms of the L&T Discontinuance Order were complied with. Zelman Decl. Exs. N, O, P; Lee Tr. 59 – 61, Lee Ex. 12; Zelman Decl. Exs. C, Q.; Zelman Opp. Decl. Ex. R.

**Plaintiff's Statement:**

37. The defendants have no written procedures, guidelines, policies, rules or procedures regarding the collection of debts. (Exhibit H, p. 9)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither material nor relevant to the defenses asserted in the Defendants' Motion to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action. The Defendants further state that the Statement omits the material uncontroverted facts that the Defendants are debt collectors under the FDCPA only with respect to statutory Three Day Demands for rent, regarding which the Defendants fulfill their obligations under the FDCPA by confirming that the amount being demanded is what the creditor is claiming is owed by relying upon a written statement or printout prepared from the client's regularly maintained business records, and then confirming with the client that the amount demanded remains unpaid before commencing a

summary eviction proceeding, which procedure was followed in this case.   Kucker Tr. 35-44;

Zelman Decl. Ex. F; Kucker Tr. 45-72, Zelman Decl. Exs. F, G, H, I; Kucker Tr. 84-89, Ex. 8;

Zelman Decl. Exs. C, F, J, K.

**Plaintiff's Statement:**

38. The defendants have not written materials relating to procedures, rules or guidelines

to maintain compliance with the FDCPA.  (Exhibit H, p. 10)

Defendants' Response:

The Defendants do not controvert this Statement, but state that, for the reasons set forth

in the Defendants' Moving Brief and Defendants' Opposition Brief, this Statement is neither

material nor relevant to the defenses asserted in the Defendants' Motion to the alleged liability of

the Defendants for the claims asserted by the Plaintiff in this action.  The Defendants further

state that the Statement omits the material uncontroverted facts that the Defendants are debt

collectors under the FDCPA only with respect to statutory Three Day Demands for rent,

regarding which the Defendants fulfill their obligations under the FDCPA by confirming that the

amount being demanded is what the creditor is claiming is owed by relying upon a written

statement or printout prepared from the client's regularly maintained business records, and then

confirming with the client that the amount demanded remains unpaid before commencing a

summary eviction proceeding, which procedure was followed in this case.   Kucker Tr. 35-44;

Zelman Decl. Ex. F; Kucker Tr. 45-72, Zelman Decl. Exs. F, G, H, I; Kucker Tr. 84-89, Ex. 8;

Zelman Decl. Exs. C, F, J, K.

**Plaintiff's Statement:**

39. The defendants have no formalized procedures of any kind to avoid committing errors

in the collection of consumer debts.  (Exhibit H, pp. 94-97)

Defendants' Response:

  This Statement mischaracterizes the cited testimony, and for the reasons set forth in the Defendants' Moving Brief and Defendants' Opposition Brief – particularly that the Defendants committed no errors in this case – this Statement is neither material nor relevant to the defenses asserted in the Defendants' Motion to the alleged liability of the Defendants for the claims asserted by the Plaintiff in this action. The Defendants further state that the Statement omits the material uncontroverted facts that the Defendants are debt collectors under the FDCPA only with respect to statutory Three Day Demands for rent, regarding which the Defendants fulfill their obligations under the FDCPA by confirming that the amount being demanded is what the creditor is claiming is owed by relying upon a written statement or printout prepared from the client's regularly maintained business records, and then confirming with the client that the amount demanded remains unpaid before commencing a summary eviction proceeding, which procedure was followed in this case.  Kucker Tr. 35-44; Zelman Decl. Ex. F; Kucker Tr. 45-72, Zelman Decl. Exs. F, G, H, I; Kucker Tr. 84-89, Ex. 8; Zelman Decl. Exs. C, F, J, K.

Dated: New York, New York
   June 6, 2013

           KUCKER & BRUH LLP
           Attorneys for Defendants

           By: _____
             Abner T. Zelman, Esq.
           747 Third Avenue
           New York, New York 10017
           (212) 869-5030

TO:

James B. Fishman, Esq.
Fishman & Mallon, LLP
305 Broadway, Suite 900
New York, N.Y. 10007
Attorneys for Plaintiff