UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
RAFAEL LEE
                                                             :
                                  Plaintiff,
                                                             :     12 Civ. 4662 (LGS)
           - v -
                                                             :
KUCKER & BRUH, LLP and
ALAN D. KUCKER,
                                                             :
                                  Defendants.
                                                             :
-------------------------------------------------------------X

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On the brief:
Abner T. Zelman, Esq.


KUCKER & BRUH LLP
Attorneys for Defendants
747 Third Avenue
New York, New York 10017
(212) 869-5030

## TABLE OF CONTENTS

TABLE OF AUTHORITIES......................................................   iii

PRELIMINARY STATEMENT ..............................................   1

RELEVANT UNDERLYING FACTS ……………………….…..   1

ARGUMENT.........................................................................   2

I.  SUMMARY JUDGMENT FOR THE DEFENDANTS
    IS WARRANTED IN THIS CASE ……………………........   2

II. THE DEFENDANTS DID NOT VIOLATE THE FDCPA……….   5

III. ANY VIOLATION OF THE FDCPA RESULTED FROM
    UNINTENTIONAL BONA FIDE ERROR DESPITE
    REASONABLE PROCEDURES ADOPTED TO AVOID SAME…   11

CONCLUSION..........................................................................   14

## TABLE OF AUTHORITIES

CASES                                                                              Page No.

Acheampongtieku v. Allied Interstate, Inc.,
2005 U.S. Dist. Lexis 17901 (S.D.N.Y. 2005)...............................  12

Bascom v. Dubin, 2007 U.S. Dist. Lexis 5349 (W.D.N.Y. 2007).........  6

Bentley v. Great Lakes Collection Bureau, Inc.,
6 F. 3d 60 (2d Cir. 1993)..................................................................  9-10

Blanc v. Palisades Collection, LLP, 2007 U.S. Dist.  Lexis 81484,
2007 WL 3254381, at *7 (S.D.N.Y. 2007)...................................  6

Bleich v. The Revenue Maximization Group, Inc.,
233 F. Supp. 2d 496 (E.D.N.Y. 2002).......................................  5-6

Bodur v. Palisades Collection LLC,
829 F. Supp. 2d 246 (S.D.N.Y. 2011)........................................  11

Breen v. Schiff, 2012 U.S. Dist. Lexis 85340 (D. Conn. 2012)...........  6

Chaudry v. Gallerizzo, 174 F. 3d 394 (4th Cir. 1999).......................  6

Clark v. Capital Credit & Collection Services, Inc.,
460 F.3d 1162 (9th Cir. 2006)......................................................  6, 8-9

Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).......................  9-10

Derisme v. Hunt Leibert Jacobson, P.C.,
880 F. Supp. 2d 339 (D. Conn. 2012)......................................  6

Ducrest v. Alco Collections, Inc., 931 F. Supp. 459 (M.D. La. 1996).....  5, 7-8

Ellis v. Solomon & Solomon, P.C., 591 F.3d 130 (2d Cir. 2010)...........  9

Gallace v. U.S. Department of Agriculture,
273 F. Supp. 2d 53, 57 (D.D.C. 2003) ......................................  2-3

Goldberg v. Board of Education, 2013 U.S. App. Lexis 11139
(2d Cir. June 4, 2013) ...............................................................  2

Goldman v. Cohen,
2004 U.S. Dist. Lexis 25517, *31 (S.D.N.Y. 2004).......................  6-8

_Goldman v. Cohen_, 445 F.3d 152 (2d Cir. 2006) ............................ 8

_Graziano v. Harrison_, 950 F.2d 107, 112-113 (3rd Cir. 1991)............. 6

_Hawkins-El III v. First American Funding, LLC_,
891 F. Supp. 2d 402 (E.D.N.Y. 2012)...................................... 6

_Hubbard v. National Bond and Collection Associates, Inc._,
126 B.R. 422 (D. Del. 1991), _aff'd without opinion_,
947 F.2d 935 (3d. Cir. 1991)............................................ 5

_Jang v. A.M. Miller and Associates_, 122 F.3d 480 (7th Cir. 1997)........ 6

_Johnson v. Capital Management Services_,
2011 U.S. Dist. Lexis 138023 (W.D.N.Y. 2011)............................ 6

_Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA_,
559 U.S. 573 (2010)..................................................... 13

_Katz v. Asset Acceptance LLC._,
2006 U.S. Dist. Lexis 86634 (E.D.N.Y. 2006)............................. 12

_Lindbergh v. Transworld Systems Inc._,
846 F. Supp. 175 (D. Conn. 1994)........................................ 6

_McStay v. I.C. System, Inc._, 174 F. Supp. 2d 42 (S.D.N.Y. 2001)......... 5

_Puglisi v. Debt Recovery Solutions, LLC_,
2010 U.S. Dist. Lexis 6120 (E.D.N.Y. 2010).............................. 11

_Reichert v. National Credit Systems, Inc._,
531 F.3d 1002, 1007 (9th Cir. 2008).................................... 13-14

_Russell v. Equifax A.R.S._, 74 F.3d 30 (2d Cir. 1996)..................... 9-10

_Sayyed v. Wolpoff & Abramson, LLP_,
733 F. Supp. 2d 635 (D. Md. 2010)....................................... 5, 12

_Schuh v. Druckman & Sinel, L.L.P._,
751 F. Supp. 2d 542, 549 (S.D.N.Y. 2010)................................ 3

_Smith v. Transworld Systems, Inc._,
953 F.2d 1025 (6th Cir. 1992)........................................... 5-6, 12

_Stonehart v. Rosenthal_, 2001 U.S. Dist. Lexis 11566 (S.D.N.Y. 2001)... 5-9, 11

<u>Woods v. Sieger, Ross & Aguire, LLC,</u>
2012 U.S. Dist. Lexis 69972 (S.D.N.Y. 2012)............................   10-11

<u>Zimmerman v. Portfolio Recovery Associates, LLC,</u>
2013 U.S. Dist. Lexis 43744 (S.D.N.Y. 2013)..............................   10

## STATUTES

15 U.S.C. §1692 *et seq*.......................................................   *passim*

15 U.S.C. §1692e (2)(A).......................................................   3, 5, 7-11

15 U.S.C. § 1692g...............................................................   3, 6, 8, 10-13

15 U.S.C. § 1692k(c)...........................................................   4-5, 7-9, 11-14

## RULES

Local Civil Rule 56.1......................................................... 1-2, 5-6, 12

## Preliminary Statement

Defendants Kucker & Bruh, LLP ("K&B") and Alan D. Kucker, Esq. ("Kucker") (together, the "Defendants") by their undersigned attorneys Kucker & Bruh, LLP respectfully submit this Memorandum of Law in Opposition to the Plaintiff's Motion for Summary Judgment (the "Defendants' Opposition Brief") in response and opposition to the Motion for Partial Summary Judgment on Liability of the plaintiff Rafael Lee ("Lee" or the "Plaintiff")(the "Plaintiff's Motion"), and in further support of the Defendants' motion for an order pursuant to Fed. R. Civ. P. 56 granting summary judgment (i) dismissing the Plaintiff's complaint asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (the "FDCPA")("Complaint") commencing this case,  and all claims asserted therein by the Plaintiff against the Defendants and (ii) affording the Defendants such other and further relief as the Court may deem just and proper (the "Defendants' Motion").

## The Relevant Underlying Facts

The relevant underlying facts of this matter are as stated and set forth at length in the initial papers in support of the Defendants' Motion – the Defendants' Statement Pursuant to Local Rule 56.1 of Material Facts as to Which There Are No Triable Issues (the "Defendants' Rule 56.1 Statement");  the Declaration of Alan D. Kucker (the "Kucker Declaration" or "Kucker Decl."); the Declaration of Abner T. Zelman (the "Zelman Declaration" or "Zelman Decl.") and the Exhibits annexed thereto (the "Exhibits" or "Exs."); and the Memorandum of Law in Support of Defendants' Motion for Summary Judgment (the "Defendants' Moving Brief") – and in the papers submitted herewith in opposition to the Plaintiff's Motion, being the Defendants' Response to Plaintiff's Statement Pursuant to Local Civil Rule 56.1 of Material Facts as to Which There Are No Triable Issues (the "Defendants' Rule 56.1 Response"), and the Declaration of Abner T.

Zelman in Opposition to Plaintiff's Motion for Summary Judgment (the "Zelman Declaration in Opposition" or "Zelman Opp. Decl."), together with Exhibit R (lettered sequentially with the Exhibits to the initial Zelman Declaration) annexed thereto ("Exhibit R" or "Ex. R"). Unless otherwise specified, all capitalized terms are defined as in the aforesaid Defendants' Rule 56.1 Statement, the Kucker and Zelman Declarations, the Defendants' Moving Brief, the Defendants' Rule 56.1 Response, and the Zelman Declaration in Opposition.

### Argument

### POINT ONE

### SUMMARY JUDGMENT FOR THE DEFENDANTS IS WARRANTED IN THIS CASE

As held by the Second Circuit Court of Appeals in <u>Goldberg v. Board of Education</u>, 2013 U.S. App. Lexis 11139 (2d Cir. June 4, 2013):

> "Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997)(internal quotation marks omitted). Where the "nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," summary judgment must be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
> U.S. App. Lexis at *2.

Moreover, as held by the court in <u>Gallace v. U.S. Department of Agriculture</u>, 273 F. Supp. 2d 53, 57 (D.D.C. 2003):

> Summary judgment is not a "disfavored procedural shortcut." Celotex Corp. v. Catrett, 477 U.S. 317, 327, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Rather, it is a way to provide "'the just, speedy and inexpensive determination of every action.'" Id. (quoting Fed. R. Civ. P. 1). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. at 322; Fed. R. Civ. P. 56(c). Material facts are those facts which, under the relevant substantive law, "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48 (emphasis in original). A genuine issue of material fact does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. at 249.

As stated and explained at Point One of the Defendants' Moving Brief, the Plaintiff's Complaint only states claims pursuant to FDCPA §1692e(2)(A) alleging "[t]he false representation of . . . the . . . amount" of the debt, and pursuant to FDCPA §1692g alleging the failure to provide an accurate "verification of the debt." The Plaintiff has the burden of proving these claims. See, e.g., Schuh v. Druckman & Sinel, L.L.P., 751 F. Supp. 2d 542, 549 (S.D.N.Y. 2010). As further stated and explained in the Defendants' Moving Brief, an essential element of the FDCPA §1692e(2)(A) claim is that the alleged false representation of the amount of the debt was knowingly false, and an essential element of the FDCPA §1692g claim is that the alleged failure to provide accurate verification was intentional and that the Defendants continued to attempt to collect the debt without providing such verification.  However, the uncontroverted material facts in the record of this case conclusively establish that (i) in the K&B Demand, the Defendants accurately represented the amount of the debt stated to be owed in the account information provided to them by their client, and Defendants had no knowledge of the error of that information; (ii) in the K&B Verification, the Defendants accurately verified the amount of the debt stated to be owed in the account information provided to them by their client, and Defendants had no knowledge of the error of that information; and (iii) the Defendants ceased all efforts to collect the debt after learning that it was in error, and in fact applied to Housing Court to order the discontinuance of the L&T Proceeding after the Plaintiff's counsel refused to consent to its voluntary discontinuance. See Lopez Tr. 55-69, Ex 3, Zelman Decl., Exs. D, E; Lopez Tr. 83-85; Kucker Tr. 45-47, Zelman Decl. Ex. F;  Kucker Tr. 45-72,  Zelman Decl. Exs. F, G, H, I; Lee Tr. 43 – 49,  Lee Ex. 7; Kucker Tr. 84-89, Ex. 8, Zelman Decl. Exs. C, F, J, K;  Lee

3

Tr. 51 – 54, Lee Ex. 10, Kucker Tr. 89, Zelman Decl. Exs. C, F, L; Lopez Tr. 41-47, Zelman Decl. Ex. D;  Kucker Tr. 90-94, Zelman Decl. Exs. F, N; Zelman Decl. Exs. N, O, P; Lee Tr. 59 – 61, Lee Ex. 12; Zelman Decl. Exs. C, Q; Zelman Opp. Decl., Ex. R.

Accordingly, the Plaintiff has not adduced the material facts necessary to establish the Defendants' liability on the claims alleged in the Plaintiff's Complaint.  Moreover, even assuming, arguendo, that the erroneous information regarding the alleged debt contained in the K&B Demand and K&B Verification are deemed to constitute per se violations of the FDCPA, the uncontroverted material facts in the record of this case conclusively establish that the Defendants are entitled to the affirmative defense pursuant to FDCPA §1692k(c) that such violations were not intentional, and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Kucker Tr. 35-44; Zelman Decl. Ex. F.  The Defendants are therefore entitled to summary judgment dismissing the Complaint and the claims alleged therein as a matter of law.

In seeking summary judgment of liability against the Defendants, the Plaintiff's Motion disputes the Defendants' interpretation of the law, not the material facts of this case. The memorandum of law in support of the Plaintiff's Motion (the "Plaintiff's Brief") argues that, as a matter of law, the erroneous information contained in the K&B Demand and the K&B Verification, without more, constitute per se violations of the FDCPA and thus establish the Defendants' prima facie liability for the claims asserted by the Plaintiff's Complaint, regardless of the Defendants' justifiable reliance upon the information provided by their client, lack of knowledge of the error contained in such information, and immediate cessation of collection efforts after learning of such error.  The Plaintiff's Brief further argues that, as a matter of law, the Defendants' reliance upon their client's business records and acknowledged lack of formal

4

written FDCPA compliance procedures or manuals deprive the Defendants of the benefit of the bona fide error defense under FDCPA §1692k(c), and thus entitle the Plaintiff to summary judgment of liability against the Defendants on the claims alleged in the Complaint.  However, as discussed and set forth in the ensuing Points of this Defendants' Opposition Brief, the legal arguments advanced in the Plaintiff's Brief are in error, thus warranting upon the uncontroverted material facts of this case the denial of the Plaintiff's Motion and the granting of the Defendants' Motion for summary judgment dismissing the Complaint and the claims alleged therein.

## POINT TWO

### THE DEFENDANTS DID NOT VIOLATE THE FDCPA

As set forth in the Defendants' Moving Brief, the Defendants did not violate the FDCPA. First, §1692e(2)(A) of the FDCPA imposes liability upon debt collectors only for their knowingly or intentionally false – i.e., "deceptive" or "misleading" – statement of the amount of the debt claimed. Thus, the obligation imposed upon debt collectors by said provision is to accurately report the information that is provided to them by the referring creditors, and not to audit the creditors' books to independently ascertain the accuracy of such information.  See Stonehart v. Rosenthal, 2001 U.S. Dist. Lexis 11566 (S.D.N.Y. 2001). See also Ducrest v. Alco Collections, Inc., 931 F. Supp. 459 (M.D. La. 1996); McStay v. I.C. System, Inc., 174 F. Supp. 2d 42 (S.D.N.Y. 2001); Bleich v. The Revenue Maximization Group, Inc., 233 F. Supp. 2d 496 (E.D.N.Y. 2002); Johnson v. Capital Management Services, 2011 U.S. Dist. Lexis 138023 (W.D.N.Y. 2011); Smith v. Transworld Systems, Inc., 953 F.2d 1025, 1032 (6th Cir. 1992); Sayyed v. Wolpoff & Abramson, LLP, 733 F. Supp. 2d 635, 646 (D. Md. 2010); Hubbard v. National Bond and Collection Associates, Inc., 126 B.R. 422 (D. Del. 1991), *aff'd without opinion,* 947 F.2d 935 (3d. Cir. 1991).

5

Further, the Defendants did not violate §1692g(b) of the FDCPA, which requires verification only of the amount of debt claimed by the creditor.  See Stonehart v. Rosenthal, 2001 U.S. Dist. Lexis 11566, supra.  See also Hawkins-El III v. First American Funding, LLC, 891 F. Supp. 2d 402, 410 (E.D.N.Y. 2012); Blanc v. Palisades Collection, LLP, 2007 U.S. Dist. Lexis 81484, 2007 WL 3254381, at *7 (S.D.N.Y. 2007); Bascom v. Dubin, 2007 U.S. Dist. Lexis 5349 (W.D.N.Y. 2007); Bleich v. The Revenue Maximization Group, Inc., supra, 233 F. Supp. 2d at 501; Graziano v. Harrison, 950 F.2d 107, 112-113 (3rd Cir. 1991); Chaudry v. Gallerizzo, 174 F. 3d 394, 406 (4th Cir. 1999); Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1173-1174 (9th Cir. 2006); Derisme v. Hunt Leibert Jacobson, P.C., 880 F. Supp. 2d 339, 370 (D. Conn. 2012); Breen v. Schiff, 2012 U.S. Dist. Lexis 85340 (D. Conn. 2012).  Moreover, the Defendants' cessation of collection of the amount sought by the K&B Demand immediately upon learning that it was in error precludes their being held liable for violating §1692g(b) of the FDCPA.  See, e.g., Jang v. A.M. Miller and Associates, 122 F.3d 480 (7th Cir. 1997); Johnson v. Capital Management Services, supra; Smith v. Transworld Systems, Inc., supra; Lindbergh v. Transworld Systems Inc., 846 F. Supp. 175, 179 (D. Conn. 1994).

Plaintiff's arguments to the contrary are in error and are not supported by the authorities cited in the Plaintiff's Brief.  Plaintiff's principal argument, that Stonehart and its progeny were wrongly decided and should be disregarded, is premised primarily upon a dismissive statement, devoid of reasoning or analysis, contained in footnote 11 of the decision in Goldman v. Cohen, 2004 U.S. Dist. Lexis 25517, *31 (S.D.N.Y. 2004), and dictum contained in Clark v. Capital Credit & Collection Services, Inc., supra, 460 F.3d at 1174-1175 – neither of which support Plaintiff's contention that Stonehart is not good law, and should not be followed in this case.

First, the plaintiff debtor in Goldman claimed that the defendant collector, who was an

attorney, falsely represented the amount of the debt in violation of FDCPA §1692e(2)(A) by alleging an amount of legal fees to which he was not entitled.  In analyzing this claim, the Goldman court cited case law that had held other provisions of the FDCPA, in other contexts, to provide for strict liability regardless of the actor's knowledge or intent, and stated that accordingly, a finding that the collector's representation regarding the amount of attorney's fees was "false" would warrant summary judgment against him on this claim, regardless of the attorney's subjective belief that he was entitled to such fees in the amount that he had stated. In discussing this standard, the Goldman decision, as dictum, in a footnote, rejected the holding of Stonehart, supra and Ducrest, supra, that a violation of FDCPA §1692e(2)(A) must be knowing or intentional, stating simply without further reasoning or analysis that "this Court finds those holdings contrary to the plain language of §1692k(c) [providing for the bona fide error defense]", supra, fn. 11 at *31, implying that the conditional defense for unintentional violations provided by §1692k(c) would be rendered superfluous if knowledge or intent was deemed to be an element of the prima facie violation. However, this conclusion by the Goldman court is fallacious, as the FDCPA contains a multitude of provisions and sub-provisions, for some of which knowledge or intent is an element of the prohibited conduct, and for some of which it is not. The correct analysis of Stonehart and Ducrest – that a violation of FDCPA §1692e(2)(A) must be knowing or intentional (which is premised upon the plain meaning of that particular provision) – is simply not inconsistent with applying the conditional defense of §1692k(c) to alleged violations of other provisions of the FDCPA, for which knowing or intentional conduct is not an element of the alleged violation.  Moreover, this entire analysis by the Goldman court was unnecessary dictum, since the defendant attorney's representations regarding his own attorney's fees were in fact knowing and intentional in that they were determined and calculated by the

7

collector attorney, and not provided to him by his client.   Thus, the Goldman court's determination that the collector's erroneous demand for attorney's fees would constitute a violation of FDCPA §1692e(2)(A) did not depend upon its rejection of the Stonehart and Ducrest decisions, and in fact would be unchanged even if the Goldman court had followed Stonehart and Ducrest.[1]

Similarly, the court in Clark reversed the trial court's granting of summary judgment dismissing a claim alleging that the collector had demanded a debt in an incorrect amount, thereby "falsely representing" the amount of the debt in violation of FDCPA §1692e(2)(A), and remanded the claim for a factual determination of whether the collector was entitled to the defense of good faith error pursuant to §1692k(c).  In so ruling, the Clark court considered and rejected the holdings in Stonehart and the other cases which have held that knowing and intentional conduct is an element of a violation of FDCPA §1692e(2)(A), concluding that "[r]equiring a violation of §1692e to be knowing or intentional needlessly renders superfluous §1692k(c)," 460 F.3d at 1176 – the same rationale that was implicitly adopted by the court in Goldman.[2]   As discussed above, the Goldman and Clark rationale for rejecting Stonehart is fallacious because under Stonehart, even though the bona fide error defense pursuant to

---

[1] Moreover, Plaintiff's contention that the Goldman court's rejection of Stonehart was affirmed by the Second Circuit in Goldman v. Cohen, 445 F.3d 152 (2d Cir. 2006) is disingenuous, as the Second Circuit decision affirmed a different part of the Goldman decision which had held that a pleading in a court action was an "initial communication" pursuant to FDCPA §1692g(a) and thus was required to include a statutory validation notice pursuant thereto, and did not address the §1692e(2)(A) claim issue or Stonehart at all.  (Further, the result in the Second Circuit decision in Goldman was later overturned by statutory amendment which added §1692g(d), which provides that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)".)

[2] The Clark court's decision regarding claimed §1692e violations is particularly anomalous, as the same decision ruled with respect to claimed §1692g(b) violations (for failure to verify the debt) that "[collectors] were entitled to rely on their client's statements to verify the debt," thus apparently holding the collector to a more rigorous standard in making the initial demand for the debt than in subsequently verifying it after it was disputed.

§1692k(c) would be inapplicable to violations of §1692e as to which knowledge and intent are elements of the violation, the defense under §1692k(c) would nonetheless still be applicable with respect to the numerous other provisions of the FDCPA pursuant to which knowledge or intent are *not* elements of the violation, so that adopting Stonehart would *not* render §1692k(c) superfluous.   Moreover, as in Goldman, the Clark court's discussion of Stonehart was unnecessary dictum, since the record in that case contained evidence that the collector did in fact know that the amount of the debt claimed by the creditor was in error, thereby precluding summary judgment dismissing that claim even under Stonehart. 460 F.3d at 1174. Thus, the Clark court's determination that the collector's demand for the wrong amount of debt would constitute a violation of FDCPA §1692e(2)(A) did not depend upon its rejection of the Stonehart decision, and in fact would be unchanged even if the Clark court had followed Stonehart. Accordingly, both the Goldman and Clark decisions are inapposite to the facts of this case, and are thus neither controlling nor persuasive authorities for the case at bar.

Contrary to the Plaintiff's contentions, the Second Circuit has never overruled Stonehart, nor rejected the holding of Stonehart and its progeny that knowing or intentional conduct is an element of a violation of FDCPA §1692e(2)(A). The Second Circuit decisions that have stated that the FDCPA is a "strict liability" statute for which intent is not a necessary element – Ellis v. Solomon & Solomon, P.C., 591 F.3d 130 (2d Cir. 2010); Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996); Bentley v. Great Lakes Collection Bureau, Inc., 6 F. 3d 60 (2d Cir. 1993); and Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993) – have done so in construing provisions of the FDCPA other than §1692e(2)(A), the provision addressed by Stonehart which is at bar in this case. In Ellis, the court stated that the FDCPA is a strict liability statute in the context of holding that a complaint commencing a collection action during the 30-day validation period pursuant to

§1692g must be preceded or accompanied by a notice to the debtor clarifying that the lawsuit does not in any way alter the information contained in the validation notice. Russell held simply that "[o]nce it is shown that defendant . . . *failed to fulfill the requirements of the Act,* strict liability is imposed," id at 36 (emphasis supplied). The specific requirement implicated in that case was the 30-day validation notice requirement pursuant to §1692g, the express language of which imposed an affirmative requirement to include the statutory validation notice that, if not complied with, was violated regardless of the defendant's intent. The defendant collector was held liable for sending a notice with language that could be construed as inconsistent with the required statutory language, regardless of the defendant's subjective intent not to create such ambiguity. Similarly, the violations at bar in Bentley and Clomon were debt notices that contained allegedly deceptive characterizations of the manner in which the debtor's account was being handled, for which the collectors were held strictly liable, regardless of their subjective intent not to deceive. By contrast, the requirement pursuant to FDCPA §1692e(2) at issue in the instant case is a prohibition of making a "false representation" of the amount of the asserted debt, the plain meaning of which provision is that the representation must be "false" – i.e., *knowingly* untrue. As the uncontroverted evidence in this case shows that the Defendants relied entirely on the MPI Delinquency report in preparing the K&B Demand, and had no independent knowledge of the correct amount of the rent owed by the Plaintiff, the Defendants cannot be held liable for violating FDCPA §1692e(2)(A), and Plaintiff's claim against the Defendants in respect thereof must be dismissed.

The other authorities cited by the Plaintiff for the proposition that the FDCPA is a strict liability statute – Zimmerman v. Portfolio Recovery Associates, LLC, 2013 U.S. Dist. Lexis 43744 (S.D.N.Y. 2013); Woods v. Sieger, Ross & Aguire, LLC, 2012 U.S. Dist. Lexis 69972

(S.D.N.Y. 2012); Bodur v. Palisades Collection LLC, 829 F. Supp. 2d 246 (S.D.N.Y. 2011); and

Puglisi v. Debt Recovery Solutions, LLC, 2010 U.S. Dist. Lexis 6120 (E.D.N.Y. 2010) – are

distinguishable from this case, and from Stonehart, in that they involved intentional conduct,

and/or conduct in violation of provisions other than  FDCPA §1692e(2)(A).   The alleged

violation in Zimmerman was the collector's intentional distribution to debtors of documents that

deceptively simulated official court papers; the alleged violations in Woods included a pattern of

numerous deliberate acts by the collector, including threats and harassing telephone calls; the

alleged violation in Bodur was the collector's knowing transmittal of a collection letter to the

wrong person; and the alleged violation in Puglisi was the collector's intentional misstatement of

its intended actions. None of these cases support the Plaintiff's argument that the Stonehart rule

should be rejected.   Accordingly, the Stonehart rule that a collector's inadvertent representation

of an incorrect amount of a debt in reliance upon information provided by its client creditor does

not give rise to liability under  FDCPA §1692e(2)(A) should govern the instant case, and

summary judgment for the Defendants, dismissing the Complaint and all claims asserted therein,

should be granted.

### POINT THREE

### ANY VIOLATION OF THE FDCPA RESULTED FROM UNINTENTIONAL BONA FIDE ERROR DESPITE REASONABLE PROCEDURES ADOPTED TO AVOID SAME

As stated in the Defendants' Moving Brief, if any of the Defendants' actions complained

of in this case are held to be technical violation of the FDCPA, the Defendants should

nonetheless not be held liable therefor pursuant to the bona fide error defense of 15 U.S.C.

§1692k(c), which provides:

§1692k
(c) Intent
A debt collector may not be held liable in any action brought under this subchapter if the

11

debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

In applying 15 U.S.C. §1692k(c), "[t]o be eligible for this 'bona fide error' defense, a debt collector need not demonstrate that its procedures for avoiding violations are 'fool proof' but rather, must only show that its procedures constitute a 'reasonable precaution.'" Katz v. Asset Acceptance LLC., 2006 U.S. Dist. Lexis 86634, *6-*7 (E.D.N.Y. 2006)(granting summary judgment dismissing FDCPA claims against law firm that had commenced collection actions in wrong venue, where un-rebutted testimony established §1692k(c) defense that mistake in venue was unintended, and resulted from good faith non-negligent clerical error). Further, while "reasonable precaution" is required, "the law does not require every possible precaution but, rather, reasonable procedures." Acheampongtieku v. Allied Interstate, Inc., 2005 U.S. Dist. Lexis 17901, *18, *20 (S.D.N.Y. 2005)(granting summary judgment dismissing claims against debt collector for sending collection letter that allegedly contained inaccuracies in violation of FDCPA notice requirements, where undisputed record established §1692k(c) defense that the inaccuracies were unintentional and reasonable procedures to review the letter were in place). See also Smith v. Transworld Systems, Inc., supra, 953 F.2d at 1032 (affirming summary judgment dismissing FDCPA claim where record established §1692k(c) defense that "[collector] reasonably relied on the accuracy of [client creditor's] $456.21 debt figure; the resulting mistake was bona fide error pursuant to 15 U.S.C. §1692k(c)"); Sayyed v. Wolpoff & Abramson, LLP, supra at 647 (granting summary judgment dismissing FDCPA claim where record established §1692k(c) defense that "a misrepresentation made by the debt collector solely as a result of inaccurate information provided by its client would be a bona fide error as defined under *15 U.S.C. §1692k(c)*")(italics in original).

The uncontroverted material facts of this case establish that the Defendants are entitled to the bona fide error defense under §1692k(c).  As set forth at Point One above, the record amply shows that the Defendants' transmittal of an incorrect amount of the alleged debt was not intentional and resulted from bona fide error in reliance upon information provided by the Defendants' client.  The uncontroverted material facts in the record further demonstrate that the Defendants followed reasonable procedures to avoid such error, in that a statutory rent demand is made only pursuant to and reliance upon information provided by a client's business records. Such demand is prepared containing the exact information derived from said business records, and is personally reviewed by Mr. Kucker for accuracy in stating the client's information, and compliance with all statutory requirements, including the validation notice required by FDCPA §1692g.  Furthermore, such procedures were followed in the instant case. Kucker Tr. 35-44; Zelman Decl. Ex. F; Kucker Tr. 45-72, Zelman Decl. Exs. F, G, H, I.

The Plaintiff's argument that the Defendants are not entitled to the bona fide error defense under §1692k(c) is meritless, and the authorities cited by the Plaintiff do not support that argument. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573 (2010), cited by the Plaintiff, stands for the proposition that a mistake of law is not eligible for the §1692k(c) bona fide error defense, but is wholly inapposite as the Defendants in the case at bar did not commit a mistake of law, nor has it been claimed that they did. Reichert v. National Credit Systems, Inc., 531 F.3d 1002, 1007 (9th Cir. 2008), also cited by the Plaintiff, is also inapposite to the case at bar.  In Reichert, the collector's alleged violation was the attempt to collect a legally and contractually unauthorized attorney's fee allegedly incurred by the creditor, which is in effect a mistake of law. To properly trained personnel, the impropriety of this charge would be evident on its face.  Accordingly, the Reichert court held that the collector was not entitled to the

bona fide error defense due to its failure to adopt "procedures designed to avoid *discoverable* errors" (emphasis supplied). By contrast, in the case at bar the erroneous information was contained in the accounting records of the underlying debt provided by the client, which was not "discoverable" by the Defendants. There is no procedure by which such a client error could be discovered other than by the collector's inspection of the client's books and records, which greatly exceeds any "reasonable precaution" that has ever been held by any court to be required to obtain the benefit of the bona fide error defense pursuant to FDCPA §1692k(c).

Moreover, the Plaintiff's assertion that the credit noted on the MPI Delinquency Report in the amount of the Plaintiff's monthly rent net of his SCRIE benefit should have put the Defendants on notice of the error contained in that report is fallacious, because it is uncontroverted that (i) when the Defendants received the MPI Delinquency Report they did not know what the Plaintiff's rent amount net of his SCRIE benefit should have been, so that the amount of the noted credit was meaningless to the Defendants, and (ii) the net amount due that was stated on the MPI Delinquency Report was the arithmetically accurate total of the stated debits and credits. Accordingly, the Defendants are entitled to the bona fide error defense pursuant to FDCPA §1692k(c).

### Conclusion

For all of the foregoing reasons, the Plaintiff's Motion should be denied, the Defendants' Motion should be granted in full, the Plaintiff's Complaint commencing this case and all claims

asserted against the Defendants therein should be dismissed, and the Defendants should be

afforded such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      June 6, 2013

                                  KUCKER & BRUH LLP
                                  Attorneys for Defendants

By: _____
           Abner T. Zelman, Esq.
           747 Third Avenue
           New York, New York 10017
           (212) 869-5030

TO:
James B. Fishman, Esq.
Fishman & Mallon, LLP
305 Broadway, Suite 900
New York, N.Y. 10007
Attorneys for Plaintiff