| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>RAFAEL LEE, | Docket No. 12 CV 4662<br>(LBS) |

        **Plaintiff,**

  -against-           **DECLARATION**

**KUCKER & BRUH, LLP and**
**ALAN D. KUCKER,**

        **Defendants.**

   **JAMES B. FISHMAN**, declares under penalties of perjury, pursuant to 28 USC § 1746, that the following is true and correct.

1. I am a member of Fishman & Mallon, LLP, attorneys for the plaintiff in this action.

2. I am fully, and personally, familiar with the facts and circumstances set forth herein.

3. This declaration is offered in opposition to the defendants' motion, pursuant to FRCP 56, for an order granting summary judgment in their favor.

4. On April 13, 2012, I went to the New York City Civil Court, Housing Part, on behalf of the plaintiff in the summary eviction proceeding ***Woodfin Realty Corp v. Lee,*** Index No L&T 60394/12.  At that time I met with Gregg Kurlander, an attorney with Kucker & Bruh, LLP who was there on behalf of Woodfin Realty Corp.

5. Contrary to Mr. Kucker's declaration (¶ 17), Mr. Kurlander did not offer to discontinue the proceeding at all, either ***with or without prejudice***.

6.     It was not until May 7, 2012 that Mr. Kurlander sent me a letter offering to discontinue the proceeding, but only without prejudice.  With that letter, the defendants served, for the first time, an Offer of Compromise pursuant to CPLR § 2221.  Notably, that Offer did not include any discontinuance of the proceeding at all but only the entry of a $500.00 judgment on the plaintiff's counterclaim.  (Defendants' Exhibit N)

7.     On May 15, 2013 I sent a letter to Mr. Kurlander advising that his May 7 offer to discontinue the proceeding without prejudice and a payment of legal fees of $500.00 was rejected and that instead the proceeding would have to be discontinued with prejudice and with payment of legal fees in the amount of $1500.00.  (Plaintiff's Exhibit Q)

8.     A proceeding in Housing Court may not be unilaterally discontinued once issue has been joined.  CPLR § 3217(a).  A petitioner seeking to discontinue the proceeding must make a written motion seeking leave of court to do so, which may be granted "upon such terms and conditions as may be just." CPLR § 3217(b).  Housing Court judges routinely condition such discontinuances upon an award of attorney's fees to the opposing party.  In my experience representing thousands of tenants in Housing Court over several decades, such a condition may fairly be considered standard.  See plaintiff's memorandum of law in opposition to the defendants' summary judgment motion, p.20-21. However, despite that strong likelihood, K&B ultimately offered only a token of the plaintiff's attorney's fee demand, upon discontinuance without prejudice – $500.00 – far

less than any regular housing court practitioner could reasonably expect a judge to award.  Indeed, the Housing Court ultimately awarded three times that amount.  (Plaintiff's Ex. R)

    **WHEREFORE**, the plaintiff respectfully requests that the Court issue an order, denying, in its entirety, the defendants' motion for an order, pursuant to FRCP 56, granting it summary judgment and awarding partial summary judgment to the plaintiff on liability in his favor and severing his damage claims for trial, together with such other relief as may be just.

Dated:    New York, NY
           June 6, 2013

                                      ____/s/_____
                                      JAMES B. FISHMAN